862 F.2d 38
 Graeme MacArthur LACEY, Appellant,
v.
CESSNA AIRCRAFT COMPANY, a corporation; Hanlon & Wilson
Company, a corporation; Teledyne Inc., a
corporation; and John Does 1--10, Appellees.
 No. 87-3822.
 United States Court of Appeals,
Third Circuit.
 Argued June 9, 1988.
Decided Nov. 21, 1988.
 
 Michael Louik, Berger, Kapetan, Malakoff & Meyers, Pittsburgh, Pa., Herbert E. Adelman (argued), Ennis, Friedman & Bersoff, Washington, D.C., for appellant.
 Eric Reif (argued), Amy Acheson, Reed Smith Shaw & McClay, Pittsburgh, Pa., for appellees Teledyne Continental Motors, Aircraft Products, a Division of Teledyne Industries, Inc.
 Before BECKER, STAPLETON, and GREENBERG, Circuit Judges.
 OPINION OF THE COURT
 BECKER, Circuit Judge.
 
 
 1
 Plaintiff Graeme MacArthur Lacey appeals from the district court's dismissal of his products liability complaint on forum non conveniens grounds. Plaintiff, an Australian citizen, was injured in a plane crash in British Columbia. He later instituted this diversity action in the district court for the Western District of Pennsylvania seeking damages for personal injuries. Named as defendants were appellees, Cessna Aircraft Company, the manufacturer of the aircraft in which plaintiff was a passenger at the time of the crash, and Hanlon & Wilson Company and Teledyne, Inc., the manufacturers of allegedly defective parts.[1] Hanlon & Wilson, the manufacturer of the exhaust system, which the plaintiff contends was the prime factor in the crash, is located in Jeannette, Pennsylvania, in the Western District of Pennsylvania.
 
 
 2
 Our polestar when dealing with a forum non conveniens issue is Piper Aircraft Co. v. Reyno, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Piper requires the defendant who files a motion to dismiss on forum non conveniens grounds to provide enough information to enable the district court to balance the parties' interests. Piper, 454 U.S. at 258, 102 S.Ct. at 267. This appeal presents two threshold Piper-oriented issues. First, we must consider whether the defendants submitted sufficient information to allow the district court properly to undertake the forum non conveniens analysis. Second, we must decide whether the district court appropriately analyzed the factors to be considered in a forum non conveniens motion. In making this determination, we must also decide whether the district court sufficiently considered the contentions plaintiff raised in opposition to the motions and whether the court's findings and conclusions are sufficiently detailed and supported by the record.
 
 
 3
 For the reasons that follow, we hold that a district court abuses its discretion when it summarily grants or denies a motion to dismiss on forum non conveniens grounds. Rather, the district court is required to develop adequate facts to support its decision and to articulate specific reasons for its conclusion. On this record, we conclude that the defendants did not submit adequate information of record to facilitate the forum non conveniens analysis. We also conclude that the district court did not hold the defendants to their burden of persuasion; that it did not adequately consider the contentions raised by plaintiff; that it did not adequately consider and balance the relevant private and public interest factors; that its findings and conclusions on the forum non conveniens issue are insufficient; and that they are not completely supported by the record. Since these failures constitute an abuse of discretion, we will reverse and remand for further proceedings. Moreover, clarifying an area of our forum non conveniens jurisprudence, we hold that where a foreign plaintiff is forced to choose between two inconvenient fora, the plaintiff's choice of forum should be given some weight.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 4
 This case arises out of an air crash that took place in British Columbia on July 20, 1985. Plaintiff is an Australian citizen who was working temporarily in British Columbia with Canadian forest fire fighters. The British Columbia Forest Service arranged for plaintiff to fly on a non-scheduled passenger flight from Invermere Airport to Kamloops, British Columbia. Appellant boarded a Cessna 421A aircraft, which was operated by Sunrise Aviation Ltd., a British Columbia corporation. The aircraft was owned or leased by Warner Aviation Ltd. or Capital Glass Ltd., also British Columbia corporations. It was manufactured by Cessna, a Kansas corporation. The aircraft's engines were manufactured by Teledyne, a Delaware corporation with its principal place of business in California. The aircraft's exhaust system was manufactured by Hanlon & Wilson, a Pennsylvania corporation with its principal place of business in Jeannette, Pennsylvania. The aircraft was maintained by Shaffer Aero Ltd., a British Columbia corporation with its principal place of business in Penticton, British Columbia.
 
 
 5
 When the aircraft took off from Invermere Airport, six people were on board: pilot Chris Pedersen, from British Columbia, and five passengers, including plaintiff. Within minutes after takeoff, after the aircraft had reached an altitude of approximately 100 feet, the right engine failed or lost most of its power. The aircraft veered to the right, lost altitude and crashed in a clearing approximately one-half mile from the end of the runway. The aircraft and surrounding area were engulfed in flames.
 
 
 6
 Plaintiff and the other passengers exited the aircraft through the left passenger door, suffering severe burns. Plaintiff was transported to a nearby hospital and subsequently transferred to the Foothills Hospital in Calgary, Alberta. Nearly three months later, he was transferred to a hospital in Melbourne, Australia for further treatment.
 
 
 7
 After the crash, an engine turbocharger and sections of the aircraft's exhaust system were submitted to the Canadian Aviation Safety Board ("CASB") for examination. The CASB engineering report indicated that "[t]he outer tips of the turbocharger turbine blades were broken and burned," and concluded that "[t]he damage to the tips of the turbocharger turbine blades could not be positively tied to the internal break-up of the exhaust system but there appeared to be little doubt that this was the cause."
 
 
 8
 On July 17, 1987, plaintiff instituted this action seeking compensatory and punitive damages. The complaint alleged that the air crash was caused by engine failure, which in turn was caused by defects in the design and manufacture of the aircraft's exhaust system and other defects. The action was based upon theories of negligence, strict liability and breach of warranty. Cessna, Hanlon & Wilson and Teledyne filed separate motions to dismiss the complaint on forum non conveniens grounds. These motions were designed to show that the litigation could not fairly proceed in the Western District of Pennsylvania.[2]
 
 
 9
 In its motion to dismiss, Cessna argued that there were "good faith issues of liability as to parties who are citizens of British Columbia, Canada and not subject to the jurisdiction of this Court." In particular, Cessna claimed that pilot Pedersen negligently loaded the aircraft in excess of its permissible weight capacity, failed to ensure that the exhaust system had been properly inspected, and failed to carry out appropriate emergency procedures. Cessna also alleged that the accident was caused in whole or in part by the plane's operator Sunrise Aviation, its maintenance contractor Shaffer Aero, and its owner/lessor Capital Glass. Cessna represented that all of these parties would be subject to the jurisdiction of the courts of British Columbia and that the district court would be required to apply the law of British Columbia and/or Australia to this case.
 
 
 10
 Teledyne's motion to dismiss argued that plaintiff's suit is more appropriately brought in British Columbia, because that is where the accident occurred, where the wreckage and engine parts are presumed to be located and where pertinent witnesses are believed to reside. Teledyne asserted that litigation arising out of the same accident is pending in British Columbia against several Canadian parties, including Capital Glass, Pedersen and Shaffer, and that these parties are indispensible to this litigation yet are not subject to the jurisdiction of the district court for the Western District of Pennsylvania.
 
 
 11
 Teledyne attached to its motion a copy of the pleading filed in the Supreme Court of British Columbia on behalf of The British Aviation Insurance Company Limited, hull insurer of the aircraft. Strangely, however, Teledyne submitted no affidavits to support its motion to dismiss, nor were any affidavits filed by Cessna or Hanlon & Wilson. Plaintiff, on the other hand, submitted several extremely detailed affidavits in opposition to the defendants' motions.
 
 
 12
 First, an affidavit filed by plaintiff's attorney identified the persons whom plaintiff might depose and/or call as witnesses, including past and present employees of Hanlon & Wilson, Teledyne and Cessna, Federal Aviation Administration ("FAA") officials in Wichita, Kansas, and Stainless Steel Products Company personnel in California.[3] Plaintiff also submitted the affidavits of three persons residing in British Columbia, including the pilot Pedersen, who stated they would make themselves available for depositions in connection with this litigation.[4] Pedersen also stated that he had retained the parts of the aircraft that failed in the crash and would make the parts available for inspection and testing. He represented that most of the aircraft has been sold for parts.
 
 
 13
 In another submission by the plaintiff, Elsie Sands, a barrister and solicitor in Vancouver, British Columbia, identified the four witnesses to the crash, all of whom live in Canada[5] and stated that CASB officials indicated to her their willingness, on proper notice, to be deposed in Ottawa, Ontario. She also revealed that FAA data on defects and malfunctions of Cessna aircraft can be accessed by computers located in the FAA's Oklahoma City, Oklahoma office. Plaintiff's own affidavit set forth the facts surrounding the accident. Finally, plaintiff submitted a copy of the report containing the CASB's findings regarding the cause of the air crash.
 
 
 14
 In an opinion and order filed on November 9, 1987, the district court granted the defendants' forum non conveniens dismissal motions.[6] The district court concluded that the forum non conveniens issue was "resolved quite simply by reference to Piper Aircraft Co. v. Reyno, 454 U.S. 235 [102 S.Ct. 252, 70 L.Ed.2d 419] (1981)." Lacey v. Cessna Aircraft Co., 674 F.Supp. 10, 11 (W.D.Pa.1987). The district court's entire forum non conveniens discussion follows:
 
 
 15
 The case at bar closely mirrors Reyno, and all the factors suggest a more appropriate forum is British Columbia, Canada. None of the potential witnesses, on either liability or damages, are located here. All are clearly beyond the reach of compulsory process. Even those persons plaintiff identifies as witnesses on the issue of product defect are located in such places as Witchita, Kansas, Oklahoma City, Oklahoma, and Burbank, California, all inconvenienced by this forum as much as by British Columbia. The plane itself and all other physical evidence is located in Canada. Plaintiff's physicians and all medical records and damages evidence are located in either Canada or Australia. Such pertinent information as plane maintenance records, weather information, and crash investigations is located in Canada.
 
 
 16
 In short, Pennsylvania's only connection with the litigation is the fact that defendant Hanlon & Wilson is a Pennsylvania corporation. Consequently, Pennsylvania has at best a negligible interest in this matter, in contrast to that of British Columbia. In stark counterpoint to this forum's lack of interest in the matter is the burden imposed. The length and complexity of the case would appear to be considerable, and choice of law principles may require us to divine and apply Canadian or Australian law.
 
 
 17
 This forum having only a tangential interest in the subject matter of the case at hand, and this forum imposing serious inconvenience on witnesses and parties alike, the action will be dismissed on the basis of forum non conveniens. An alternative forum, convenient to more of the witnesses and the situs of important physical evidence, is British Columbia, Canada.
 
 
 18
 Id.
 
 
 19
 The court conditioned dismissal of the case on the defendants' waiver of any applicable statute of limitations and on their stipulation to personal jurisdiction in British Columbia, as well as on plaintiff's filing suit in the alternative forum within one year. Plaintiff timely served and filed a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) which the district court denied. Plaintiff then filed a timely appeal from the court's orders granting the motions to dismiss and from its order denying the motion to alter or amend the judgment.
 
 
 20
 It is plaintiff's contention on appeal that the district court abused its discretion in dismissing this suit because the court did not receive sufficient record information from the defendants, failed properly to weigh the forum non conveniens factors, as mandated by Piper, and misstated essential facts relevant to the forum non conveniens issue. For the reasons that follow, we agree. Plaintiff also contends that an appropriate balancing of the relevant factors favors Pennsylvania as the proper forum and alternatively, that if dismissal on forum non conveniens grounds is proper, the appropriate alternative forum is California. However, in view of our conclusion that the district court otherwise abused its discretion, we need not address whether Pennsylvania is the proper forum or whether California is an appropriate alternative forum.
 
 
 21
 II. THE FORUM NON CONVENIENS INQUIRY; SCOPE OF REVIEW
 
 
 22
 In a succession of cases: Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed.1055 (1947), Koster v. American Lumbermens Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1967 (1947), Piper, and Van Cauwenberghe v. Biard, --- U.S. ----, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988), the Supreme Court has established the relevant jurisprudence of forum non conveniens, which may be summarized briefly as follows.[7]
 
 
 23
 A district court may, in the exercise of its sound discretion, dismiss a case "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.' " Piper, 454 U.S. at 241, 102 S.Ct. at 258, (quoting Koster, 330 U.S. at 524, 67 S.Ct. at 831-32). In deciding whether to dismiss a case for forum non conveniens, "the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." Koster, 330 U.S. at 527, 67 S.Ct. at 833.
 
 
 24
 A district court entertaining a forum non conveniens motion must first decide whether an adequate alternative forum exists to hear the case. Furthermore, the court should also consider that a foreign plaintiff's choice of an American forum is entitled to less deference than an American citizen's choice of his home forum. Piper, 454 U.S. at 255-56, 102 S.Ct. at 265-66. If there is an adequate alternative forum, the district court must consider and balance several private and public interest factors that are relevant to the forum non conveniens determination.[8] There is no rigid rule which governs the court's determination, and "[e]ach case turns on its facts." Piper, 454 U.S. at 249, 102 S.Ct. at 263 (quoting Williams v. Green Bay & Western R. Co., 326 U.S. 549, 557, 66 S.Ct. 284, 288, 90 L.Ed. 311 (1946)). However, the plaintiff's choice of forum should rarely be disturbed, unless the balance of factors is strongly in favor of the defendant.
 
 
 25
 Turning to the critical issue of our scope of review of the district court's decision, the decision to grant or deny a forum non conveniens motion lies within the district court's sound discretion. However, the court's decision "should be an exercise in structured discretion founded on a procedural framework guiding the district court's decision making process." In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982, 821 F.2d 1147, 1165 (5th Cir.1987) (citing Friends For All Children v. Lockheed Aircraft Corp., 717 F.2d 602, 607 (D.C.Cir.1983)). "[W]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." Piper, 454 U.S. at 257, 102 S.Ct. at 266 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 511-12, 67 S.Ct. 839, 844, 91 L.Ed. 1055 (1947)). Therefore, our review is limited to consideration of whether the district court abused its discretion, and we do not perform a de novo resolution of forum non conveniens issues. See, In re Air Crash, 821 F.2d at 1166 n. 32.[9]
 
 
 26
 We have previously stated that the district court abuses its discretion if it does not hold the defendants to their proper burden on the forum non conveniens motion or has clearly erred in weighing the factors to be considered. Reyno v. Piper Aircraft Company, 630 F.2d 149, 160 (3d Cir.1980), rev'd. on other grounds, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Cf. Founding Church of Scientology v. Verlag, 536 F.2d 429, 436 (D.C.Cir.1976) ("Where, as here, there has been no weighing of the relative advantages of each forum but only a consideration of the drawbacks of one, that discretion has been abused."); Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1334 (9th Cir.1984) (the failure to consider relevant public and private interest factors constitutes an abuse of discretion), cert. denied, 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985).
 
 
 27
 Other courts of appeals have held that a district court abuses its discretion when it summarily grants or denies a motion to dismiss on forum non conveniens grounds without oral or written explanation, See, In re Air Crash, 821 F.2d at 1166, and that if the district court does not supply specific reasons and develop adequate facts to support its decision, that decision cannot be adequately reviewed for abuse of discretion. See, id. at 1166, n. 32; La Seguridad v. Transytur Line, 707 F.2d 1304, 1308-10 (11th Cir.1983) (court of appeals vacated and remanded to the district court for specification of reasons and development of sufficient facts to support forum non conveniens dismissal). We decide in this case to follow that precedent.
 
 III. THE DEFENDANTS' BURDEN
 
 28
 It is settled that the defendant bears the burden of persuasion as to all elements of the forum non conveniens analysis. In re Air Crash, 821 F.2d at 1164; see also Cheng v. Boeing Co., 708 F.2d 1406, 1411 (9th Cir.) (defendant bears the burden of proving the existence of an adequate alternative forum), cert. denied, 464 U.S. 1017, 104 S.Ct. 549, 78 L.Ed.2d 723 (1983). The moving defendant must show that an adequate alternative forum exists as to all defendants and, if so, that the private and public interest factors weigh heavily on the side of dismissal. See, In re Air Crash, 821 F.2d at 1164.
 
 
 29
 To carry its burden, the defendant "must provide enough information to enable the District Court to balance the parties' interests." Piper, 454 U.S. at 258, 102 S.Ct. at 267. Although the Supreme Court stated that a defendant need not submit overly detailed affidavits, it is unclear from Piper how much detail by a moving party is required. The few post-Piper cases that address this issue suggest that there is no hard and fast rule, and that the amount of information that a defendant must provide depends upon the facts of the particular case. In Van Cauwenberghe, for example, the Supreme Court indicated that "the district court's inquiry does not necessarily require extensive investigation, and may be resolved on affidavits presented by the parties.... [T]he district court is accorded substantial flexibility in evaluating a forum non conveniens motion, and '[e]ach case turns on its facts.' " Van Cauwenberghe, 108 S.Ct. at 1953 (citations omitted).
 
 
 30
 In In re Air Crash, the Fifth Circuit concluded that the level of detail a moving defendant must submit depends upon the particular facts of the case. "Each case will present factual situations which might suggest that the parties have greater or lesser knowledge about the facts of the dispute. The issues that are contested will also affect the amount of detail required of a moving defendant." In re Air Crash, 821 F.2d at 1165, n. 28. In Camejo v. Ocean Drilling & Exploration, 838 F.2d 1374, 1380 (5th Cir.1988), the Fifth Circuit further suggested that a defendant carries its burden of persuasion when it alleges detailed facts in the motion which are sufficient to support forum non conveniens dismissal, and the plaintiff fails to controvert the defendant's statements.
 
 
 31
 Plaintiff contends that the district court abused its discretion in dismissing his suit because the defendants failed to place in the record any information to meet their burden of persuasion on the forum non conveniens issue notwithstanding that the plaintiff produced several affidavits and the CASB report in order to demonstrate that the convenience of the parties favors Pennsylvania as the proper forum for this litigation. Plaintiff submitted a copy of the CASB report that clearly implies the sole cause of the crash was a defective exhaust system manufactured by Hanlon & Wilson in Pennsylvania. He also demonstrated by affidavits that various witnesses on the product liability issue are located in Pennsylvania and throughout the United States and are available to testify here. Other affidavits represented that potential witnesses in British Columbia have made themselves available for deposition in connection with this litigation. In contrast, the defendants submitted no evidence to support their contentions, except for a copy of a pleading filed in the British Columbia litigation.
 
 
 32
 The defendants contend that they are not required to submit affidavits because the district court could properly determine the forum non conveniens issue solely by reference to the complaint and plaintiff's affidavits and submissions. The defendants argue that the "pleadings and affidavits of record were sufficient to enable the district court to balance the parties' interests" and that "[w]hile [the] [a]ppellees submitted no affidavits, such affidavits were not required," Appellee's Brief at 9 n. 1 (citing Hoffman v. Goberman, 420 F.2d 423 (3d Cir.1970)). We need not, however, decide whether a forum non conveniens determination can ever be made without submissions by the moving defendant because we hold that, on the particular facts of this case, the defendants did not submit sufficient information to allow the district court properly to undertake the forum non conveniens analysis.
 
 
 33
 The defendants argued in the district court that important parties are located in British Columbia who are not subject to compulsory process in Pennsylvania. To support this argument, the defendants suggested to the district court that several persons in British Columbia, such as the pilot, aircraft owner, and aircraft maintenance company, may be liable as third party defendants in this case but cannot be impleaded in Pennsylvania. On appeal, the defendants embellished this argument by stating that pilot error may be a factor because the pilot should have been able to keep the aircraft airborne despite a partial power loss. They also contended that the aircraft maintenance company may be liable for failing to properly maintain the aircraft and its component parts. However, the defendants provided no information to the district court, in proper form, to support these allegations. In contrast, the only evidence submitted to the district court regarding the cause of the air crash is the CASB report, which clearly implies the crash was caused by the exhaust system manufactured in Pennsylvania by Hanlon & Wilson. Moreover, although counsel for Teledyne represented to us at oral argument that the pilot of the aircraft would be joined, presumably as a third party defendant, if the suit were brought in British Columbia, the defendants failed to maintain in the district court, by affidavit or other evidence, that they would implead persons located in British Columbia.
 
 
 34
 While we are aware that a "motion to dismiss for forum non conveniens does not call for a detailed development of the entire case," Fitzgerald v. Texaco, Inc., 521 F.2d 448, 451 n. 3 (2d Cir.1975), cert. denied, 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976), we conclude that the defendants' failure to provide any record support for their contentions precluded the district court from scrutinizing the substance of the dispute between the parties and from determining whether evidence and arguments relied upon by the parties are critical or even relevant to the plaintiff's cause of action or the defendants' potential defenses. See Van Cauwenberghe, 108 S.Ct. at 1953.
 
 
 35
 IV. WEIGHING THE FORUM NON CONVENIENS FACTORS
 
 
 36
 Plaintiff further contends that the district court did not properly conduct the forum non conveniens inquiry in this case, because it failed adequately to consider plaintiff's contentions, and misstated the facts relevant to several private and public interest factors in granting the defendants' motions to dismiss.
 
 
 37
 A. Deference to the Plaintiff's Forum Choice
 
 
 38
 Plaintiff first urges that the district court did not consider the presumption given to his choice of forum, particularly since, as an Australian, he was faced with the choice of two fora, British Columbia and Pennsylvania, both of which were "seriously inconvenient." Appellant's Brief at 23. Plaintiff argues that Piper accords a strong presumption in favor of his choice of forum. He concedes that, under Piper, a foreign plaintiff's choice of forum is granted less deference, but he submits that where the plaintiff's choice is between two foreign fora, each inconvenient, the policy behind according less deference to a foreign plaintiff's choice of forum is inapplicable. The defendants argue that a foreign plaintiff's choice of forum is never entitled to the degree of deference usually accorded a home plaintiff's forum choice.
 
 
 39
 In this case, the district court found that an alternative forum existed in British Columbia. However, the court did not articulate whether it accorded any deference to plaintiff's forum choice, stating only that Piper accorded little weight to a foreign plaintiff's choice of forum. Piper, however, requires that the district court consider the availability of an adequate alternative forum and the amount of deference to be accorded the plaintiff's choice of forum before it weighs the private and public interest factors relevant to the forum non conveniens inquiry. We agree with the Fifth Circuit that Piper 's language about according less deference to a foreign plaintiff's forum choice is "not an invitation to accord a foreign plaintiff's selection of an American forum no deference since dismissal for forum non conveniens is the exception rather than the rule." In re Air Crash, 821 F.2d at 1164, n. 26 (emphasis added).
 
 
 40
 In this case, both fora are foreign to the plaintiff, and each is undoubtedly inconvenient in the sense that it is not plaintiff's home forum. However, the district court did not address the fact that neither the chosen nor the alternative forum is plaintiff's home and failed to indicate how much deference, if any, it accorded the plaintiff's forum choice. It should have addressed this fact, and should have accorded at least some weight to the plaintiff's choice.
 
 B. The Private Interest Factors
 
 41
 Plaintiff next argues that the district court did not balance the relevant private interest factors. In plaintiff's view, the district court did not adequately consider the identity and availability of potential key witnesses, particularly those located in Pennsylvania, and the difficulty of proving what he views as the most critical element of his case, the existence of a defective exhaust system (on which the CASB report seems to blame the accident), in British Columbia.
 
 
 42
 The defendants contend that the district court properly considered the relevant private interest factors. The defendants assert that their inability to join certain parties, such as the pilot, owner and aircraft maintenance company (on whom they blame the accident) in a suit brought in the United States, precludes complete resolution of the dispute and supports the district court's decision to grant forum non conveniens dismissal. They also contend that if the litigation were conducted in British Columbia, plaintiff could easily obtain evidence in the United States through letters rogatory and that discovery can be conducted no matter where the litigation is pending.
 
 
 43
 With respect to the private interest factors, the district court found that none of the potential witnesses concerning either liability or damages is located in Pennsylvania or subject to the court's compulsory process. The court added that the persons plaintiff identified as potential witnesses are located throughout the United States and are therefore as inconvenienced by Pennsylvania as by British Columbia. The court further found that the aircraft and all other physical evidence are located in Canada and that plaintiff's medical records are located in Canada or Australia.
 
 
 44
 The private interest factors which the district court must consider under Gilbert and Piper include
 
 
 45
 the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.
 
 
 46
 Gilbert, 330 U.S. at 508, 67 S.Ct. at 843. In examining the relative ease of access to sources of proof, and the availability of witnesses, the district court must scrutinize the "substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant to, the plaintiff's cause of action and to any potential defenses to the action." Van Cauwenberghe, 108 S.Ct. at 1953. In addition, the possibility of an unfavorable change in substantive law should not be given substantial weight in the forum non conveniens inquiry, since "[i]f central emphasis were placed on any one factor, the forum non conveniens doctrine would lose much of the very flexibility which makes it so valuable." Piper, 454 U.S. at 249-50, 102 S.Ct. at 263.
 
 
 47
 We note initially that the district court did not adequately weigh the "relative ease of access to sources of proof" in each forum. The district court found that much of the relevant evidence is located in either Canada or Australia. However, the court did not adequately consider plaintiff's access to sources of proof if trial were held in the United States. In particular, although the district court found that none of the witnesses, on either liability or damages, is located in Pennsylvania, plaintiff's affidavit represents that plaintiff intended to call as witnesses persons employed by Hanlon & Wilson during the relevant time period who could testify regarding the design and manufacture of, and the warnings given in regard to, the exhaust system. He also indicated plaintiff's intent to call Hanlon & Wilson employees, presumably executives, who could testify regarding Hanlon's knowledge about the manufacture of the exhaust system and the warnings associated with it.
 
 
 48
 If Hanlon continues to engage in manufacturing activity in Pennsylvania, as plaintiff's counsel stated in his affidavit, then witnesses and evidence, on both liability and punitive damages, are probably located in Pennsylvania. At a minimum, plaintiff submitted evidence to support his contention that Pennsylvania provides greater access than British Columbia to sources of proof on the critical product liability issues in this case, at least if the CASB report strongly implicating the exhaust system has any basis in fact. It is the relative ease to access to sources of proof in each forum that the district court must consider in deciding which is the more convenient forum.
 
 
 49
 Second, in addressing the "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses," the district court suggested that all of the potential witnesses on liability and damages are beyond the reach of compulsory process. However, the district court's finding is most problematic. As we stated, plaintiff presented evidence in the district court to suggest that some of the key witnesses may be located in Pennsylvania and therefore subject to compulsory process. Furthermore, the affidavits plaintiff submitted indicate that several potential witnesses in British Columbia who are not subject to compulsory process in Pennsylvania, such as the pilot, have made themselves available for deposition. The defendants provided no record information to the district court that the actual presence of these witnesses was required or that the defendants desired, but were unable, to implead them. Third, in addressing the possibility of viewing the physical evidence, the district court stated that all such evidence is located in Canada without considering the fact that the pilot agreed to make the relevant aircraft parts available for testing and examination in this action. The present record is thus inadequate to support the district court's private interest factors finding.
 
 C. The Public Interest Factors
 
 50
 Plaintiff further submits that the district court did not adequately weigh the relevant public interest factors. He argues that the court did not balance the interests of British Columbia against those of Pennsylvania in deciding which was the more appropriate forum, nor did the court determine why the "burden" of adjudicating the case should fall in one of these jurisdictions instead of the other. In plaintiff's view, the district court's finding that Pennsylvania has no connection with the litigation other than that Hanlon & Wilson is a Pennsylvania corporation is "flatly wrong," particularly in light of Pennsylvania's interest in regulating the manufacture of products within its borders. Finally, plaintiff argues that the district court should have considered the "multiplicity of actions factor" which might justify transferring the case to California, where the pilot and other passengers have filed suit in state court.
 
 
 51
 With respect to the public interest factors, the defendants contend that Pennsylvania's choice-of-law rules require the application of Canadian law to this dispute, making dismissal on forum non conveniens grounds especially appropriate under Piper. While acknowledging appellant's argument that Pennsylvania has an interest in regulating its manufacturers, they argue that Pennsylvania "simply does not have an interest in retaining jurisdiction over litigation arising from an accident involving a non-resident occurring in another forum" and "has no interest in regulating Canadian pilots, Canadian aircraft operators, owners or aircraft maintenance firms--all of whom are indispensable parties to the instant action and are not subject to personal jurisdiction in Pennsylvania." Appellee's Brief at 13-14.
 
 
 52
 In assessing the relevant public interest factors, the district court found that "Pennsylvania's only connection with the litigation is the fact that Hanlon & Wilson is a Pennsylvania corporation.... Pennsylvania has at best a negligible interest in this matter, in contrast to that of British Columbia." The court also concluded that the case was complex and that choice of law principles may require the application of Canadian or Australian law. The court ignored the CASB report.
 
 
 53
 The public interest factors relevant to the forum non conveniens inquiry include
 
 
 54
 the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.
 
 
 55
 Piper, 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6 (citing Gilbert, 330 U.S. at 509, 67 S.Ct. at 843). In evaluating the public interest factors the district court must "consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum." Van Cauwenberghe, 108 S.Ct. at 1953.
 
 
 56
 It is our view that the district court insufficiently addressed the relevant public interest factors. First, we conclude that the district court did not properly consider the issue of what law must govern the action. We acknowledge that the district court should not give conclusive or substantial weight to the impact upon plaintiff of a possible change in substantive law, in part to save the district court from "conducting complex exercises in comparative law." Piper, 454 U.S. at 251, 102 S.Ct. at 263. However, Piper suggests that the district court should nevertheless consider the impact of choice-of-law problems on the forum, particularly since the need to apply foreign law points toward dismissal. Id. 454 U.S. at 260, 102 S.Ct. at 268. In this case, the district court merely stated that "choice of law principles may require us to divine and apply Canadian or Australian law." Lacey, 674 F.Supp. at 11. The court gave no reasons and cited no authority for this proposition, and we are thus unable adequately to review the basis for that conclusion or even determine what role that conclusion played in the court's forum non conveniens decision.
 
 
 57
 Furthermore, the district court failed adequately to weigh the interests of both Pennsylvania and British Columbia in this matter. The district court concluded that Pennsylvania's only connection with the litigation is the fact that Hanlon & Wilson is incorporated in Pennsylvania and that consequently, "Pennsylvania has at best a negligible interest in this matter, in contrast to that of British Columbia." However, as we have explained, plaintiff's case is primarily grounded on the allegation that Hanlon & Wilson manufactured the defective exhaust system that caused the accident, an allegation given at least some threshold credence by the CASB report which plaintiff placed in the record. The CASB report suggests therefore that the "locus of the alleged culpable conduct" may be Pennsylvania. Van Cauwenberghe, 108 S.Ct. at 1953. With respect to this matter, therefore, Pennsylvania has at least some interest in deterring the manufacture of unsafe products within its borders, see Piper, 454 U.S. at 260, 102 S.Ct. at 268, and the district court must determine whether that interest is sufficient to justify trying the case in Pennsylvania.
 
 
 58
 On the other hand, the district court did not articulate the interest British Columbia has in this litigation. Of course, the accident occurred in British Columbia's air space, and does involve a British Columbia pilot and British Columbia air service companies, but the dispute, at this point, is among an Australian plaintiff and three American defendants. Although we do not decide the issue, the district court should consider whether British Columbia has " 'a local interest in having localized controversies decided at home,' " in light of the fact that plaintiff is from Australia, not British Columbia. Id., quoting Gilbert, 330 U.S. at 509, 67 S.Ct. at 843. Under these circumstances, British Columbia may or may not have a greater interest than Pennsylvania in deciding the controversy.
 
 V. CONCLUSION
 
 59
 In sum, the district court abused its discretion, because it summarily granted appellees' motion to dismiss on forum non conveniens grounds. More specifically, we conclude that the defendants did not submit adequate information of record to facilitate the forum non conveniens analysis. We also conclude that the district court did not hold the defendants to their burden of persuasion; that it did not adequately consider the contentions raised by plaintiff; that it did not adequately consider and balance the relevant private and public interest factors; that its findings and conclusions on the forum non conveniens issue are insufficient; and that they are not completely supported by the record. Moreover, the district court erred because it did not accord the foreign plaintiff's choice of forum some weight. Accordingly, the order of the district court granting the motions to dismiss will be reversed and the case remanded to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 Cessna and Hanlon & Wilson have not filed briefs on appeal but they have joined in Teledyne's brief. Lacey also sued ten fictitious defendants who allegedly designed, manufactured, assembled, distributed and/or sold replacement parts for the aircraft. Having never been identified or served with a copy of the complaint, these ten defendants are not parties within the meaning of Fed.R.Civ.P. 54(b). Therefore, although the order granting the motions to dismiss did not dispose of the ten fictitious defendants, the district court's orders are nevertheless final and appealable. United States v. Studivant, 529 F.2d 673, 674 n. 2 (3d Cir.1976)
 
 
 [2]
 Hanlon & Wilson also joined in the motion filed by Cessna
 
 
 [3]
 Counsel for plaintiff stated in his affidavit that Stainless Steel Products Company personnel may possess material related to failures of the exhaust systems in Cessna's model 421A aircraft
 
 
 [4]
 Two other British Columbian residents also made themselves available for deposition, Donna Catroppa, General Manager of Capital Glass and William Steed, an employee of Shaffer
 
 
 [5]
 Three witnesses, David Mullen, Linda Mullen and Ronald Rook, live in Calgary, Alberta, and the fourth witness, Jeff Taylor, lives in Islington, Ontario
 
 
 [6]
 Since it based dismissal of the complaint on forum non conveniens grounds, the district court declined to address Hanlon & Wilson's alternative argument that dismissal is proper for plaintiff's failure to join indispensible parties under Fed.R.Civ.P. 19
 
 
 [7]
 Although the Supreme Court has declined as yet to decide whether, under Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), state or federal law of forum non conveniens applies in diversity cases, we need not decide the issue here because Pennsylvania law on forum non conveniens is virtually identical to federal law. Piper, 454 U.S. at 248 n. 13, 102 S.Ct. at 262 n. 13; see also Petty v. Suburban Gen. Hosp., 363 Pa.Super. 277, 525 A.2d 1230 (1987)
 
 
 [8]
 See discussion, Part IV, infra
 
 
 [9]
 Plaintiff also appeals the denial of his Fed.R.Civ.P. 59 motion to alter or amend the judgment. That appeal brings up the underlying judgment for review. Therefore, the standard of review for a denial of a motion to alter or amend the judgment varies with the nature of the underlying judicial decision. Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir.1986). In this case, the underlying judicial decision is the forum non conveniens dismissal, which we review for abuse of discretion