**In re COREL CORPORATION INC. SECURITIES LITIGATION.**

No. 00–CV–1257.

United States District Court, E.D. Pennsylvania.

May 31, 2001.

Stuart J. Savett, Robert P. Frutkin, Savett, Frutkin, Pedell & Ryan, PC, Philadelphia, PA, Paul J. Scarlato, Weinstein, Kitchenoff, Scarlato & Goldman, Philadelphia, PA, Charles J. Piven, Baltimore, MD, for plaintiff.

Jay A. Dubow, Wolf Block Schorr & Solis-Cohen, Philadelphia, PA, Andrea Butler, P. Kevin Castel, George Wailand, Cahill, Gordon, Reindel, New York City, for defendant.

Sherrie R. Savett, Philadelphia, PA, for movant.

### EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

A putative class of investors has brought suit against Corel Corporation ("Corel") and its former Chief Executive Officer, Michael C.J. Cowpland ("Cowpland"). In their Consolidated and Amended Class Action Complaint, plaintiffs allege violations of Section 10(b) of the Securities Exchange Act and SEC Rule 10b–5, as well as control-person liability under Section 20(a) of the Exchange Act. The Amended Complaint challenges portrayals of Corel's Fourth Quarter 1999 and First Quarter 2000 performance, and prospects for its

recently-introduced Linux and other Windows products.

Defendants moved to dismiss the Amended Complaint on grounds of *forum non conveniens* and failure to state a claim under the federal securities laws. The motion will be denied.

### I. Forum Non Conveniens

■ The Third Circuit has made clear that dismissal for *forum non conveniens* is the " 'exception rather than the rule.' " *Lony v. E.I. DuPont de Nemours & Co.*, 935 F.2d 604, 609 (3d Cir.1991) (quoting *Lacey*, 862 F.2d at 45–46). Dismissal for *forum non conveniens* involves a two-step analysis. First, a court must determine whether an adequate alternative forum exists to hear the case. *See Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir.1988). If an adequate alternative forum exists, then the court must balance certain private and public interest factors. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). "If, when added together, the relevant private and public interest factors are in equipoise, or even if they lean only slightly toward dismissal, the motion to dismiss must be denied." *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir.1991); *see also Lony*, 935 F.2d at 613.

### A. Adequate Alternative Forum

■ Defendants contend, and I agree, that the courts of Ontario, Canada provide an adequate alternative forum in this case. The adequate alternative forum requirement is generally satisfied where the defendant is amenable to process in the alternative jurisdiction. *See Lacey*, 932 F.2d at 180. As a Canadian corporation, Corel is amenable to process in Canada. *See* Decl. of Hon. Gerard LaForest ¶ 10. Ac-

cordingly, defendants consider it "beyond dispute that [they] would be subject to the jurisdiction of the Ontario courts." *See* Defendants' Memorandum of Law in Support of Motion to Dismiss, at 12.

■ Plaintiffs' counter that Canadian law might not arm them with as favorable a cause of action. However, the "possibility of an unfavorable change in substantive law should not be given substantial weight in the *forum non conveniens inquiry*." *Lacey*, 862 F.2d at 46. The alternative forum's remedy is significant only if considered "so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft*, 454 U.S. at 254–55 & n. 22, 102 S.Ct. 252. Under these circumstances, Ontario constitutes an adequate alternative forum for purposes of this case. *See DiRienzo v. Philip Services Corp.*, 232 F.3d 49, 59–60 (2d Cir.2000) (finding that Ontario constitutes an adequate alternative forum in securities fraud lawsuit).

### B. Plaintiff's Choice of Forum

■ Once an adequate alternative forum exists, the private and public factors weigh in. When balancing the private and public factors, a plaintiff's forum choice is accorded "considerable deference" and " 'should rarely be disturbed.' " *Lony*, 935 F.2d at 608–09 (quoting *Piper Aircraft*, 454 U.S. at 241, 102 S.Ct. 252). In this case, considerable deference must be accorded plaintiff's election to bring suit in the Eastern District of Pennsylvania. *See DiRienzo*, 232 F.3d at 62–63 (reversing for abuse of discretion, where district court did not afford due deference to class-action plaintiffs' choice of forum).

■ Dismissal would be appropriate only if trial of the action in Pennsylvania establishes "oppressiveness and vexation" to Corel "out of all proportion" to plaintiffs' convenience. *Piper Aircraft*, 454

U.S. at 241, 102 S.Ct. 252 (quoting *Koster v. American Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)).

### C. *Private–Interest Factors*

■ The defendant bears the burden of persuasion as to all elements of the *forum non conveniens* analysis, beginning with the private interest factors. *See Lacey,* 862 F.2d at 43–44. These private interest factors include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

The private factors in the context of modern litigation do little to persuade me that plaintiff's forum choice should be overturned. First of all, Corel enjoys a substantial presence, and generates significant revenues, in the United States and in this District. *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss, at 10–12 & Exs. Corel's stock is registered with the SEC and NASD. *See* Am. Cmplt. ¶¶ 3, 9. The instant class action is brought solely on behalf of plaintiffs who purchased Corel common stock over the NASDAQ exchange. *See* Am. Cmplt. ¶ 13.[1] Because the "central concern" of the *forum non conveniens* doctrine is to avoid plaintiff's "temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary," and because Corel's

own activities in this District demonstrate that Pennsylvania is not such a place, the "primary danger" against which the doctrine guards is not implicated. *Lony,* 935 F.2d at 615.

Consideration of the other factors, in the context of a document-intensive litigation, cannot overcome plaintiff's forum selection. While the initial repository of most relevant documents may be in Canada, this fact is of lesser significance in the modern electronic age. Documents can easily be photocopied or otherwise transferred to this jurisdiction. *See DiRienzo,* 232 F.3d at 66. Furthermore, while travel from Canada to Pennsylvania would entail expenses, this cannot be considered "oppressive," "vexatious," or even unusual by modern standards.

A more central concern is the absence of compulsory process for unwilling witnesses. While live testimony at trial might facilitate credibility evaluations by the factfinder, videotaped depositions and other forms of transmittal are routine. As the Second Circuit has recently recognized, the need to resort to videotaped depositions, obtained through letters rogatory, should not mandate dismissal. *See DiRienzo,* 232 F.3d at 66–67.

■ To overturn plaintiff's forum choice, the private and public factors must "weigh heavily on the side of dismissal." *Lony,* 935 F.2d at 609; *see also Lacey,* 932 F.2d at 180 ("movant must show that the balance of these factors tips decidedly in favor of trial in the foreign forum"); *Lacey,* 862 F.2d at 43 ("plaintiff's choice of forum should rarely be disturbed, unless the balance of factors is strongly in favor of the defendant"). In this case, the bal-

---

1. *Compare Howe v. Goldcorp Investments, Ltd.,* 946 F.2d 944, 945, 951–53 (1st Cir.1991) (Breyer, C.J.) (finding no "clear abuse" of discretion in dismissal, where defendant's U.S. contacts were "limited" and shares were traded exclusively over Canadian stock exchanges).

ance of private factors does not weigh "heavily," "decidedly," and "strongly" in defendant's favor. Therefore, consideration of the private-interest factors does not support dismissal.

### D. *Public–Interest Factors*

A defendant also bears the burden to show that the public-interest factors support dismissal. *See Lacey,* 862 F.2d at 43–44. The public interest factors include:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). These factors reinforce deference to plaintiffs' forum choice.

First, there is a "local interest" in this case because the alleged misstatements were disseminated throughout the United States. Many of plaintiffs' securities transactions were conducted in the United States, on United States stock exchanges, by United States citizens. The United States has an interest in enforcing its securities laws and maintaining the integrity of its securities markets. Moreover, there is a "local interest" in affording the protections of the federal securities laws to injured U.S. investors. *See DiRienzo,* 232 F.3d at 65–66.[2]

The final relevant public-interest factor, court congestion, does not support dismissal. Whether or not the docket of the Eastern District of Pennsylvania is more congested than that of the Canadian courts, this case can be adjudicated here without undue administrative difficulties.

Accordingly, I find that the balance of factors weighs in favor of a Pennsylvania forum. In these circumstances, the motion to dismiss for *forum non conveniens* "must be denied." *Lacey,* 932 F.2d at 180.

\*    \*    \*    \*    \*    \*

**AND NOW,** this 31st day of May 2001, it is **ORDERED** that defendants' Motion to Dismiss (Docket Entry # 16) is **DENIED.**[3]

---

2. Likewise, the unfairness of burdening citizens with jury duty does not support dismissal. Where American investors have suffered alleged harm from purchases they made in the United States, local juries have an interest.

3. A Supplemental Explanation supporting this Order with respect to the merits will follow.