NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————————

NOs. 10-2131, 10-2132, 10-2133, 10-2134 and 10-2135
———————————

CAMERON B. AUXER, an individual; FIONA HELEN
BLAKE, an individual; MARIE PATRICIA CATTACH,
an individual; ANTHONY CHARLES FORDHAM, an
individual; EDWARD CHARLES STUART-HERRING,
an individual and as Executor of THE ESTATE OF GLENYS
JOY HERRING, deceased; MIRANDA JO MILLSTEED, an
individual; IAN ROBERT YOUNG, an individual;
FRANCESCO ANTONIO ANZELLINO, an individual
Appellants in No. 10-2131

v.

ALCOA, INC.
———————————

ANGELINA FERRARO ANGI, et al.
Appellants in No. 10-2132

v.

ALCOA, INC.
———————————

TERRANCE APLIN; KEVIN ANTHONY ATKINS;
MAUREEN BOLTON, Trustee ad litem on behalf of
PAUL BOLTON, Deceased; JAROSLAV BOUSKA;
STAVROULLA CADWALLENDER, Executor of the
Estate of HAROLD JOSEPH MARTIN CADWALLENDER,
Deceased; KINSLEY DREW; RAYMOND FAMLONGA;
LEN FARMER; ROGER WALTER FROUD; JAMES HAGAN;
ANTHONY WILLIAM HALDEN; GARY HARROWER;
MICHAEL JAMES JENKIN; NORMAN JOHNSON; LESLIE

KINSELLA; GEORGE MACFARLANE; RAYMOND MCDONALD;
DERRICK NICHOLS; ERIC PEGG; AUDREY PHILLIPS,
Trustee ad litem on behalf of JOHN RONALD PHILLIPS,
Deceased; DAVID THOMPSON
Appellants in No. 10-2133

v.

ALCOA, INC.

_____

FRANK BELLAIRS; GARY ECCLES; GINO FERRARO;
ALEXANDER JOVANOVICH; KEVIN MCDONALD; MERVYN
MCDONALD; FRANK RHYS MCGINNIS; FRANK MELIA;
SANDRA MUTCH; GRAEME NEWTON; PATRICIA NEWTON;
WAYNE NICHOLSON; VINCENT PISCIONERI; VINCENT
PUCCIO; DAVID KENNETH PUZEY; PETER STAMPONE;
PHILIP STEWART; LIONEL EDWARD TURNER;
VINCENT MICHAEL VALLI,
Appellants in No. 10-2134

v.

ALCOA, INC.

_____

CLIVE BARRADEEN; DAVID AUBREY COLLINS; BRENDEN HATTON;
CLIVE LUNN; LEONARD PERKINSON; JAMES RALPH; GREGORY E.
SUDHOLZ,
Appellants in No. 10-2135

v.

ALCOA, INC.

_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. Civil Nos. 2-09-cv-00995, 2-09-cv-01429,
2-09-cv-01430, 2-09-cv-01431, 2-09-cv-01438)

District Judge:  Hon. David Stewart Cercone

_____

Argued  December 13, 2010

BEFORE:  SLOVITER, GREENAWAY, JR., and
STAPLETON, *Circuit Judges*

_____

(Opinion Filed January 20, 2011)
_____

William R. Caroselli (Argued)
Kelly L. Enders
Susan A. Meredith
Caroselli, Beachler, McTiernan & Conboy
20 Stanwix Street – 7th Floor
Pittsburgh, PA  15222
  Attorneys for Appellants

Neil K. Gilman
Hunton & Williams
1900 K Street, N.W. – Suite 1200
Washington, DC  200
 and
Lori E. Jarvis
Thomas R. Waskom
Hunton & Williams
951 East Byrd Street
13th Floor, East Tower, Riverfront Plaza
Richmond, VA  23219
 and
Thomas M. Reiter (Argued)
Richard W. Hosking
James C. Swetz
K&L Gates
210 Sixth Avenue
Pittsburgh, PA  15222

and
Rene P. Tatro
Tatro, Tekosky & Sadwick
333 South Grand Avenue – Suite 4270
Los Angeles, CA 90071
  Attorneys for Appellee

_____

OPINION OF THE COURT
_____

STAPLETON, *Circuit Judge*:

These five consolidated cases involve 244 plaintiffs who claim to have suffered personal injuries caused by their exposure to emissions from three alumina refineries in Western Australia. With one exception, all plaintiffs live in Australia. One plaintiff moved to Pennsylvania shortly before he filed suit. These refineries are owned and operated by Alcoa of Australia, Ltd. ("AAL"), which is sixty percent owned by a subsidiary of the sole defendant, Alcoa, Inc. ("Alcoa"). The District Court granted Alcoa's motion to dismiss without prejudice on *forum non conveniens* grounds. These appeals followed.

While plaintiffs acknowledge that their exposure, injuries, diagnoses, and medical treatment all occurred exclusively in Western Australia and that none of the operative facts material to causation, injuries, diagnoses and treatments occurred in Pennsylvania, they insist that the "witnesses and documentary evidence necessary for the plaintiffs to prove liability are located at defendant's corporate headquarters in Pittsburgh." Appellants' Br. at 2. They contend that the District Court's dismissal must be overturned because it ignored the evidence they submitted in support of this proposition. They also

4

maintain that the District Court did not "hold the defendant to [its] burden of persuasion on all elements of the [*forum non conveniens*] analysis." *Id*. at 12.

We conclude that the District Court did not abuse its discretion in concluding that these matters should go forward in Western Australia and that its thorough opinion reflects an appropriate supporting analysis. Accordingly, we will affirm the District Court's order. Because we write primarily for the parties who are familiar with the record and the proceedings, we will address only the concerns raised by the plaintiffs.

Plaintiffs acknowledge that the District Court's opinion addresses the proper issues to be considered in reaching a decision on the appropriate forum: (1) what degree of deference is to be given the plaintiffs' choice of forum, (2) whether there is an adequate alternative forum, (3) whether a balancing of the private factors weighs in favor of dismissal, and (4) whether a balancing of public factors weighs in favor of dismissal. *See, e.g., Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir. 1988). Plaintiffs challenge the District Court's treatment of issues (2) through (4), and we will address each in turn.

## 1. *Adequate Alternative Forum*

Plaintiffs initially argue that Alcoa did not prove that Western Australia was an adequate alternative forum. To the contrary, plaintiffs say, the record reveals that an Australian forum would not be adequate because it (1) would not provide for pretrial depositions (a fact which they assert the District Court did not address), (2) it would prohibit contingent fee arrangements, and (3) it would require any plaintiff who lost to pay the cost of the defense.

5

As the District Court pointed out, Alcoa submitted an affidavit of a qualified Western Australia attorney which explains that (1) Alcoa is registered to do business and subject to service of process in Western Australia, (2) the courts of Western Australia have jurisdiction over cases of this kind and recognize theories of liability for negligence, reckless conduct, and "damage caused by hazardous activities," and (3) the applicable court rules provide *inter alia* for discovery of documents, interrogatories, and the compelling of the attendance of witnesses and production of documents at trial by court ordered subpoenas. App. III at B-1607-1613. There is also evidence that trial witnesses would be required to provide pretrial statements.

The District Court's opinion provided in part:

> To establish Australia as an available forum, Alcoa must first show that it is amenable, or that it will agree to submit, to process in Australia. Alcoa admits, however, that it is subject to the jurisdiction of the courts of Western Australia with regard to the consolidated litigations. Moreover, it appears that Alcoa is subject to process in Western Australia based upon Australian legal authority. Notwithstanding Alcoa's admission and the averments of Mr. Allanson's affidavit, this Court shall require that Alcoa submit to the jurisdiction of the appropriate court as a condition of the dismissal based upon *forum non conveniens*.

> \* \* \*

> There is no dispute that Australian [sic] recognizes the tort of negligence as part of its common law. Moreover, the Court finds Plaintiffs' arguments regarding the inadequacies of Australian procedure and remedy to be without merit. Disparities between the laws of the chosen and alternative forums, similar to those referenced by Plaintiffs, do not render the alternate forum inadequate.

> \* \* \*

6

Plaintiffs also contend that Australian pretrial procedure is inadequate because of the unavailability of a general discovery deposition process. The taking of depositions from a party, or an expert or lay witness is not used by courts in Western Australia other than for medical witnesses, when examining on relatively non-controversial matters, who are unavailable to attend trial or for plaintiffs who are dying. All parties though are subjected to the same restrictions, therefore there is no prejudice. A restriction on pretrial discovery does not make Australia an inadequate forum.

Neither the fee-shifting, *i.e.* loser pays, arrangement in Australia jurisprudence nor its lack of contingency fee agreements render Australia inadequate as an alternative forum. The potential for taxation of attorney's fees against the losing party acts as a double-edged sword. Although such arrangements are a risk to a plaintiff who loses, it nonetheless provides an avenue for successful plaintiffs to recover their attorney's fees. Moreover, the Supreme Court specifically mentioned fee shifting and contingent fee agreements as reasons American courts are so attractive to foreign plaintiffs and why dismissal might be appropriate to prevent further congestion in the United States courts. *See Piper Aircraft Co. v. Reyno*, 454 U.S. [235,] 252 n.18 [1981] ("unlike most foreign jurisdictions, American courts allow contingent attorney fees, and do not tax losing parties with their opponents' attorney's fees."). Other appellate decisions have viewed the contingent fee argument to be of little significance in making the *forum non conveniens* determination. *See[,] e.g.[,] Coakes v. Arabian American Oil Co.*, 831 F.2d 575 (5th Cir. 1987); *Dowling v. Richardson-Merrill, Inc.*, 727 F.2d 608 (6th Cir. 1984).

App. at A-31-34 (internal citations and footnotes omitted).

As the District Court pointed out, numerous federal courts have found Australia to be an adequate alternative forum and dismissed on grounds of *forum non conveniens*. Some have specifically held that the absence of pretrial depositions does not render an alternative forum inadequate, *see, e.g., In re Carbide Corp. Gas Plant Disaster*, 809 F.2d

7

195 (2d Cir. 1987), and we have found no case concluding to the contrary. We find no fault with the District Court's treatment of this issue. It clearly did not abuse its discretion.

### 2. *Balance of Private Factors*

Plaintiffs urge that the District Court "engaged in a one-sided evaluation" when assessing the private interest and public interest factors, dismissing "with little or no discussion factors which favored retaining jurisdiction in the U.S. forum." Appellants' Br. at 14. Plaintiffs correctly note that the District Court focused on the difficulties Alcoa would have in accessing the evidence it would need to defend itself if the cases go forward in Pennsylvania. They insist that it ignored their evidence that they would have very limited access to Pittsburgh witnesses and documents if relegated to the pretrial process in Western Australia. Once again, we believe the District Court did the appropriate balancing and reached a conclusion well within the scope of its discretion.

After pointing out Alcoa's need for "access to non-party witnesses regarding the alleged injuries, medical treatment, prognoses, local climatic anomalies, refinery operations, and Western Australia environmental and public health regulations," the District Court directly addressed plaintiffs' contention "that there are important witnesses and/or documents located in Pennsylvania that are critical to establishing liability." App. at 35. It found, however, that Pennsylvania evidence *from a party* would be much more accessible to plaintiffs for trial in a Western Australian forum than Western Australian evidence *from non-parties* would be for Alcoa for trial in a Pennsylvania forum. Because of this distinction between access to party and non-party witnesses and documents and

8

the primary importance of a party's being able to present its case at trial, the District Court concluded that this factor weighed heavily in favor of dismissal.

Plaintiffs understandably would prefer to have the pretrial process available in Pennsylvania. However, we do not understand plaintiffs to challenge the conclusion of the Court regarding the relative access of the parties to evidence for trial or the primary importance of access to evidence for trial. While plaintiffs' brief faults the District Court for relying on a party/non-party distinction, it does so on the ground that it "overlooks the fact that the Australian legal system has very different procedural rules related *to pretrial discovery,*" Appellants' Br. at 15 (emphasis added), and the ensuing portion of that argument in the brief, with one exception,[1] is addressed to the disparity in pretrial discovery regimes. Plaintiffs' brief does not dispute that Alcoa as a party would be required to produce documents and witnesses within its control for plaintiffs' use at trial in Australia and, indeed, Alcoa's counsel acknowledged before us that Alcoa shared the understanding of the District Court with respect to its obligation as a party to produce relevant witnesses and documents should these matters be tried in Australia.

With respect to balancing the private interests of the parties concerning the disparity in pretrial discovery rules, the District Court, in addition to finding that the absence of pretrial depositions did not render Western Australia an inadequate forum,

---

[1] Plaintiffs' brief does identify one potential, non-party witness who could not be compelled to testify in an Australian court, Paul O'Neill, a former CEO of Alcoa but no longer employed by it. They assert that Mr. O'Neill's "testimony can be important to plaintiffs' claims." Appellants' Br. at 21. In the absence of some indication as to how that testimony can be important and of some reason to believe similar testimony is not available from party witnesses, we cannot fault the District Court for failing to regard the unavailability of this one witness as of controlling importance.

9

understandably concluded that "[a]ll parties . . . are subject[] to the same restrictions [on pretrial discovery]" and "therefore, there is no prejudice." App. at A-33. [2]

In *Dahl v. United Technologies Corp.*, 632 F.2d 1027 (3d Cir. 1980), we sustained the dismissal of a Delaware suit in favor of a Norwegian forum in similar circumstances.

### 3. *Balance of Public Factors*

Plaintiffs insist that the District Court wrongfully disregarded Pennsylvania's "interest in insuring that [its] corporations do not engage in tortuous [sic]conduct which results in injury to anyone, regardless of whether those individuals reside in a foreign country or in the U.S." Appellants' Br. at 24. Plaintiffs correctly point out that this Court took note of that interest in *Windt v. Qwest Communs. Int'l., Inc.*, 529 F.3d 183, 193-94 (3d Cir. 2008). We do not agree, however, that the District Court's opinion evidences a failure to take that interest into account. The Court was fully aware that plaintiffs alleged culpable conduct in Pennsylvania and expressly recognized at the outset of its public interest factor discussion that it "must consider the locus of the alleged culpable conduct . . . and the connection of that conduct to plaintiff's chosen forum." App. at A-38 (quoting from *Lony v. E.I. Du Pont de Nemours & Co.,* 935 F.2d 604, 612 (3d Cir. 1991). The District Court's conclusion was not that Pennsylvania lacked a

---

[2] Plaintiffs also fault the Court for not considering as a private interest factor the facts that Australia prohibits contingent fee agreements and has a "loser pay system." As earlier noted, the District Court did consider these matters in determining whether Western Australia was an adequate alternative forum. Our Court has debated whether various matters should be addressed as relating to the private interest or adequacy of the alternative forum analysis. *See Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 190-91 (3d Cir. 1991). Suffice it to say that the District Court took these matters into account.

relevant interest, but rather that it had no interests "comparable" to those of Australia. App. at A-60.

Even if the District Court had failed to take this interest of Pennsylvania into account, however, it would not alter the outcome of these appeals. Clearly, neither *Windt* nor any other case suggests that, where culpable conduct takes place in a mass tort case in both jurisdictions and injury in only one, the interests of the two are "comparable." This issue is not a close call. A public interest balancing analysis which concluded in favor of Pennsylvania here would be an abuse of discretion. The District Court's conclusion was not.

### 4. *Conclusion*

The judgment of the District Court will be affirmed.