**Graeme MacArthur LACEY, Plaintiff,**

v.

**CESSNA AIRCRAFT COMPANY, a copo-ration; Hanlon & Wilson Company, a corporation; Teledyne, Inc., a corpora-tion; and John Does 1–10, Defendants.**

**Civ. A. No. 87–1506.**

United States District Court,
W.D. Pennsylvania.

Nov. 4, 1987.

Michael Louik, Pittsburgh, Pa., Herbert Adelman, Washington, D.C., for plaintiff.

Donald W. Bebenek, Pittsburgh, Pa., for Cessna Aircraft Co.

Eric P. Reif, Pittsburgh, Pa., for Teledyne.

Robert L. Potter, Pittsburgh, Pa., for Hanlon & Wilson Co.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff is an Australian citizen who was injured in a plane crash in Canada. He has filed a product liability suit against a Kansas corporation, a Delaware corporation, and a Pennsylvania corporation. Naturally defendants have raised the question of whether this is an appropriate forum. It isn't.

Plaintiff was employed by an Australian concern but in 1985 was sent to British Columbia, Canada, on business. On July 20, 1985, plaintiff boarded a Canadian passenger plane, registered in Canada, owned by a Canadian company, and flown by a Canadian pilot for an intra-Canada flight. The plane crashed shortly after takeoff from Inverness Airport, British Columbia, Canada.

Plaintiff suffered serious injuries in the crash including severe burns. He was hospitalized for a number of months in a Canadian Hospital, and after his return home he has required extensive further medical attention in Australia.

Defendants admit that they are all subject to personal jurisdiction in Pennsylvania on the basis of the business they conduct in the state. However, defendants challenge

plaintiff's choice of forum on the basis of forum non conveniens.[1]

This issue is resolved quite simply by reference to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), a case which originated in this Circuit. The plaintiff-executor represented the estates of five Scottish citizens who were killed in a plane crash in Scotland. Although subject to personal jurisdiction in the original forum, the defendants, one of them a Pennsylvania corporation, moved to dismiss on forum non conveniens.

The Court examined a number of factors, including the location of witnesses and physical evidence, the public interest of the forum and its connection if any with the subject of the litigation, and the extent of the burden the case would place on the forum. Two factors given little weight were the foreign plaintiff's choice of forum, and whether product liability law in the alternative forum was less advantageous than that of the original forum. The case at bar closely mirrors *Reyno*, and all the factors suggest a more appropriate forum is British Columbia, Canada. None of the potential witnesses, on either liability or damages, are located here. All are clearly beyond the reach of compulsory process. Even those persons plaintiff identifies as witnesses on the issue of product defect are located in such places as Witchita, Kansas, Oklahoma City, Oklahoma, and Burbank, California, all inconvenienced by this forum as much as by British Columbia. The plane itself and all other physical evidence is located in Canada. Plaintiff's physicians and all medical records and damages evidence are located in either Canada or Australia. Such pertinent information as plane maintenance records, weather information, and crash investigations is located in Canada.

In short, Pennsylvania's only connection with the litigation is the fact that defendant Hanlon & Wilson is a Pennsylvania corporation. Consequently, Pennsylvania has at best a negligible interest in this matter, in contrast to that of British Columbia. In stark counterpoint to this forum's lack of interest in the matter is the burden imposed. The length and complexity of the case would appear to be considerable, and choice of law principles may require us to divine and apply Canadian or Australian law.

This forum having only a tangential interest in the subject matter of the case at hand, and this forum imposing serious inconvenience on witnesses and parties alike, the action will be dismissed on the basis of forum non conveniens. An alternative forum, convenient to more of the witnesses and the situs of important physical evidence, is British Columbia, Canada.

To prevent any prejudice to plaintiff from this order we will condition dismissal on certain waivers by all defendants. This action having been timely filed in this court, dismissal will be conditioned on defendants' waiver of any statute of limitations issues which they might otherwise have in the alternative forum. Also, defendants all being subject to personal jurisdiction in this forum, dismissal is conditioned on defendant's stipulation to submit to personal jurisdiction in British Columbia, Canada. Plaintiff must file suit in the alternative forum within one year of the date of the Court's order of dismissal.

For the reasons stated the defendants' Motions to Dismiss will be granted on the conditions described. An appropriate order will be entered.

---

1. Defendants also seek to dismiss for plaintiff's failure to join indispensable parties. Because of our decision on the forum non conveniens issue, we need not address this second question.