### Graeme McArthur LACEY

v.

**CESSNA AIRCRAFT COMPANY, Hanlon & Wilson Company, Teledyne, Inc., John Does 1–10.**

**Civ. A. No. 87–1506.**

United States District Court, W.D. Pennsylvania.

Aug. 15, 1989.

Michael Louik, Berger Kapetan Malakoff & Meyers, P.C., Pittsburgh, Pa., for plaintiff.

Louis Long, Meyer, Darragh, Buckler, Bebenek & Eck, Eric Reif, Reed Smith Shaw & McClay, Robert Potter, Strassburger McKenna Gutnick & Potter, Pittsburgh, Pa., for defendants.

### OPINION

GERALD J. WEBER, District Judge.

We previously dismissed this action on forum non conveniens grounds, 674 F.Supp. 10, but the Circuit reversed, noting defects in the record and in our analysis. 862 F.2d 38. On remand two defendants renewed their forum non conveniens arguments, submitting evidentiary materials in accord with the Circuit's direction.

Defendant Hanlon & Wilson (H & W) had joined in seeking dismissal on the original motions, but did not renew its position within the time set by the Court after remand. Instead H & W sought limited discovery, requesting production of certain components of the crashed plane. H & W argues that inspection of these fragments will demonstrate that H & W was *not* the manufacturer of the component which is alleged to be the cause of the crash.

H & W then asked this Court to defer ruling on the forum non conveniens issue until this examination revealed the identity of the true manufacturer, or at least until it exonerated H & W. H & W is the only party from Pennsylvania and its absence could dramatically impact the forum non conveniens analysis. Without H & W in this suit, Pennsylvania would have little or no interest in this litigation.

Plaintiff responds, complaining loudly that H & W has delayed unnecessarily in raising this issue and dismissal of its motion should be the price of dilatory conduct. While we share plaintiff's distaste for de-

**366**

fendant's delay, we are more concerned with the substance of defendant's position.

If examination of the components were to reveal that H & W was not the manufacturer, the forum non conveniens issue would be cast in a whole new light. However, defendant's argument appears to put the cart before the horse. In essence defendant asks that we await the outcome of discovery and a summary judgment motion before we decide whether this Court should act at all in this case!

Entanglement in the substantive factual details of the underlying claim appear to be inevitable in a forum non conveniens analysis. Our prior attempt to avoid the minutaie in this case received little sympathy from the Circuit. However, we think there is considerable difference between examining the averments of various parties in affidavits, and awaiting completion of discovery and a summary motion.

Plaintiff also points out that examination of the parts may not be as conclusive as defendant asserts. The relevant component is in various fragments and according to one affidavit no identifying marks or numbers are visible on the remaining fragments. At the very least this examination would set up a battle of experts, and in any event H & W may be liable for *design* of the component even if it did not manufacture it.

For the reasons stated, H & W's Motion to Defer Ruling on the forum non conveniens issue will be denied. However, H & W is not on record as opposing or acquiescing in the renewed forum non conveniens argument. Therefore we will require H & W to state its position on the forum non conveniens arguments either by filing its own motion and brief, or by joining in the other defendants' motions, or by filing a Response to those motions. Plaintiff will then have an opportunity to respond and we will proceed to a resolution of the forum non conveniens issue.