Graeme MacArthur **LACEY,** Plaintiff,

v.

**CESSNA AIRCRAFT COMPANY,** a corporation, Hanlon & Wilson Company, a corporation, Teledyne, Inc., a corporation, and John Does 1–10, Defendants.

Civ. A. No. 87–1506.

United States District Court,
W.D. Pennsylvania.

Feb. 28, 1992.

---

Michael Louik, Berger, Kapetan, Malakoff & Meyers, P.C., Pittsburgh, Pa., for plaintiff.

Eric Anderson, Meyer, Darragh, Buckler, Bebenek, Eck & Hall, Pittsburgh, Pa., for defendant Cessna Aircraft Co.

Eric P. Reif, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant Teledyne, Inc.

Robert L. Potter, Strassburger, McKenna, Gutnick & Potter, Pittsburgh, Pa., for defendant Hanlon & Wilson Co.

## MEMORANDUM OPINION

COHILL, Chief Judge.

Before this Court (for the second time) on remand from the United States Court of Appeals for the Third Circuit is the defendants' Motion to Dismiss under the theory of *forum non conveniens*. For the reasons stated below, we will deny these motions without prejudice.

### I. *Relevant Facts and Procedural History*

The plaintiff in this case, Graeme Lacey, is an Australian citizen who suffered severe burns as a result of a plane crash in British Columbia on July, 20, 1985. The defendants are Cessna Aircraft Company, the manufacturer of the plane; Teledyne, Inc., the manufacturer of the plane's engines; and Hanlon & Wilson Company, the manufacturer of the aircraft's exhaust system. The facts of this case have been recited in previous opinions.[1]

This case was originally assigned to the late Honorable Gerald Weber who granted the defendants' motion to dismiss, based on *forum non conveniens* grounds. 674 F.Supp. 10 (W.D.Pa.1987). The plaintiff appealed, and the United States Court of Appeals for the Third Circuit vacated and remanded the case for further consideration. 862 F.2d 38 (3d Cir.1988). The Court of Appeals held that the defendants had not submitted sufficient evidence to facilitate a proper *forum non conveniens*

analysis and that the district court did not adequately consider the relevant private and public interests factors outlined in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), and in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). After Judge Weber's death, the case was assigned to this member of the Court.

In an opinion dated April 27, 1990, we attempted to consider carefully the factors relevant to a *forum non conveniens* analysis as set forth in *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), and *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 102 S.Ct. 252, 265–66, 70 L.Ed.2d 419 (1981), and concluded that indeed the complaint should be dismissed on *forum non conveniens* grounds. *See,* 736 F.Supp. 662 (W.D.Pa.1990). This decision was conditioned upon the agreement of the defendants to make available to the plaintiff in British Columbia all relevant witnesses and documents within their control.

Again the plaintiff appealed, arguing that our *forum non conveniens* analysis was flawed because we had failed to indicate the exact amount of deference we had given to the plaintiff's forum choice, failed to entangle ourselves sufficiently in the facts of the case, and neglected to analyze properly the private and public interest factors set forth in *Piper* and *Gulf Oil*. While the Court of Appeals rejected most of the plaintiff's arguments, it agreed that we had failed to analyze adequately and correctly the relative ease of access to sources of proof, the application of foreign law, and the relative advantages and obstacles to a fair trial in British Columbia. The court was particularly concerned with the fact that Hanlon & Wilson represented that it no longer possessed documentation concerning its exhaust business because it had sold its entire exhaust business to Wall Colmonoy Corporation ("Wall Corp"), an Oklahoma-based business. *Lacey*, 932 F.2d

---

1. *See Lacey v. Cessna Aircraft Company*, 674 F.Supp. 10 (W.D.Pa.1987), *reversed* 862 F.2d 38 (3d Cir.1988), *on remand* 736 F.Supp. 662 (W.D.Pa.1990), *reversed* 932 F.2d 170 (3d Cir. 1991).

at 183. If this was so, the defendants' promise to provide the plaintiff with all relevant witnesses and documents within their control might not ensure the plaintiff access to critical sources to prove his claim that the exhaust system was defectively designed. The Court also expressed concern that due to the passage of time since the design of the exhaust system, and because of the transience of employees in the corporate world, many potentially relevant witnesses may no longer be employed by the defendants, and subject to their control. *Lacey*, 932 F.2d at 183. The Court concluded that we improperly assumed that evidence essential to the plaintiff's products liability claim was still in the control of the defendants. *Lacey*, 932 F.2d at 184. The court instructed us to "identify generically what sources of proof are likely to be critical to Lacey's cause of action and then ascertain whether Lacey will enjoy access to those sources of proof at trial if his claim is litigated in British Columbia." *Lacey*, 932 F.2d at 184. If we fairly conclude that the plaintiff will have access in British Columbia to sufficient evidence to support his products liability action, we may dismiss this case on *forum non conveniens* grounds, notwithstanding our flawed choice of law analysis. *Lacey*, 932 F.2d at 189. If the plaintiff will not have access to essential evidence at trial in British Columbia, we must deny the defendant's motions to dismiss. *Id.*

On August 7, 1991, we held a status conference and ordered the parties to brief the *forum non conveniens* issue in light of the appellate ruling. On September 26, the plaintiff filed his Request to Defendants to Make Known Sources of Information Pursuant to Remand from the Third Circuit ("Plaintiff's Request"). This request listed the sources of proof which the plaintiff considered critical to his cause of action. Plaintiff's Request at 5–6. The defendants responded by October 25, 1991 as ordered.

On November 22, 1991, the plaintiff filed his Reply to Defendants' Responses to Request to Make Known Critical Sources of Proof ("Plaintiff's Reply"). The plaintiff contends that the defendants have failed to establish that he will have access to the following critical sources of proof:

(1) Former employees of the three defendants who have knowledge of the design and redesign of the exhaust system.

(2) Documents in the control of Wall Colmony [sic] Corporation ("Wall Corp."), an Oklahoma based corporation which purchased certain assets of Hanlon & Wilson, and obtained all the relevant files and records of that defendant.

(3) Employees and former employees of the Stainless Steel Products Company ("Stainless Co."), as well as documents possessed by that company.

(4) Employees and former employees of the F.A.A. and F.A.A. documents for use at trial.

Plaintiff's Reply at 4.

The defendants have filed sur-reply briefs to the plaintiff's reply, all of which dispute the plaintiff's assertion that the sources of proof identified in his Reply are critical to his products liability action.

On February 25, 1992, this Court held oral argument on the *forum non conveniens* issue. The plaintiff argued that it was necessary for him to have access to witnesses and documents outside of the defendants' control, and that, contrary to the defendants' assertion, he could not fully prosecute every aspect of his case through expert testimony and the defendants' documents alone. The plaintiff noted that it was possible that a claim for punitive damages might exist due to the defendants' knowledge of recurring problems of the sort that allegedly caused this crash, and that such a claim would find more support from the testimony of witnesses than from documents. The plaintiff stated that it is likely that several such witnesses are not in the control of the defendants. The defendants argued that within their control is more than enough evidence with which the plaintiff may attempt to prove his claims, and that any evidence outside their control is duplicative or is not critical to the plaintiff's claims.

**1204**

II. *Discussion*

The Court of Appeals has instructed us to identify what sources of proof are likely to be critical to the plaintiff's claims and then determine whether he would enjoy access to those sources if this case were to proceed in British Columbia. In an attempt to avoid pure speculation, we asked the plaintiff's counsel to identify what sources of proof he thought were critical to his client's claims. The plaintiff's counsel believes that witnesses and documents outside of the defendants' control are critical to his claims and will not be available to him in British Columbia. Because he has not initiated discovery, however, he cannot state specifically what witnesses and documents he is referring to. Thus, we are forced to make a determination whether unidentified witnesses or documents outside of the defendants' control are critical to the plaintiff's claims. In view of our singular lack of success so far in addressing the issues which the United States court of Appeals for the Third Circuit deems vital on this question, we refuse to engage in such speculation.

It may be that such evidence exists and would be critical to at least one of the plaintiff's claims. Until the plaintiff has an opportunity to root out this evidence through the discovery procedure, however, no one can say with any degree of confidence whether it is likely or not that critical evidence exists outside the defendants' control.

We now believe that the interests of justice will be better served if we deny the defendants' motions to dismiss based upon *forum non conveniens* and permit this case to proceed in this forum, at least until the close of discovery. At that time, the defendants may refile their motions to dismiss based upon *forum non conveniens* if they so choose, and we will again determine which forum would be most convenient (in the legal sense) for the final disposition of this case. After discovery it should be more evident what evidence is critical to the plaintiff's claims, and wheth-er he would have access to that evidence in British Columbia.