Graeme Macarthur LACEY, Plaintiff,

v.

CESSNA AIRCRAFT COMPANY, a corporation; Hanlon & Wilson Company, a corporation; Teledyne, Inc., a corporation; and John Does 1–10, Defendants.

Civ. A. No. 87–1506.

United States District Court,
W.D. Pennsylvania.

April 15, 1994.

(Cessna), the manufacturer of the plane; Teledyne, Inc. (Teledyne), the manufacturer of the plane's engines; and Hanlon & Wilson Co. (Hanlon & Wilson), the manufacturer of the aircraft's exhaust system. Because the facts of this case have been recited in previous opinions,[1] here we only outline the essential facts and procedural history.

This case was originally assigned to the late Honorable Gerald Weber who granted the defendants' original motion under the doctrine of *forum non conveniens* more than seven years ago. *Lacey v. Cessna Aircraft Co., et al.,* 674 F.Supp. 10 (W.D.Pa.1987). The plaintiff appealed, and the United States Court of Appeals for the Third Circuit vacated and remanded the case for further consideration. *Lacey v. Cessna Aircraft Co., et al.,* 862 F.2d 38 (3d Cir.1988). The court of appeals held that the defendants had not submitted sufficient evidence to facilitate a proper *forum non conveniens* analysis, and that the district court did not adequately consider the private and public interest factors as formulated in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) and *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

Michael Louik, Berger, Kapetan, Malakoff & Meyers, P.C., Pittsburgh, PA, for plaintiff.

Donald W. Bebenek, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, PA, for defendants Cessna and Teledyne Inc.

Robert L. Potter, Strassburger, McKenna, Gutnick & Potter, Pittsburgh, PA, for defendant Hanlon & Wilson.

## *OPINION*

COHILL, District Judge.

Before the Court is the Supplemental Motion to Dismiss Under the Doctrine of *Forum Non Conveniens* (Doc. 95) filed by defendant Cessna Aircraft Co. Defendants Teledyne, Inc. and Hanlon & Wilson Co. filed their own motions to dismiss (Docs. 102 and 103, respectively), wherein they joined Cessna's motion. For the reasons below, we will deny the motions to dismiss.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff Graeme Macarthur Lacey is an Australian citizen who suffered severe burns as a result of a plane crash in Invermere, British Columbia, Canada on July, 20, 1985. The defendants are Cessna Aircraft Co.

After Judge Weber's death, the case was transferred to the undersigned. In an opinion dated April 27, 1990, we considered the factors relevant to a *forum non conveniens* analysis as set forth in *Gulf Oil* and *Piper,* and concluded that the complaint indeed should be dismissed on that basis. Our decision was conditioned upon the defendants' consent to make available to the plaintiff in British Columbia all relevant witnesses and documents within their control.

Again the plaintiff appealed, arguing that our *forum non conveniens* analysis was flawed because we failed to indicate the precise quantum of deference we attributed to the plaintiff's forum choice, failed to sufficiently entangle ourselves in the facts of the case, and neglected to analyze properly the private and public interest factors set forth in *Gulf Oil* and *Piper.* The court of appeals

---

1. *See Lacey v. Cessna Aircraft Company, et al.,* 674 F.Supp. 10 (W.D.Pa.1987), *rev'd,* 862 F.2d 38 (3d Cir.1988), *on remand,* 736 F.Supp. 662 (W.D.Pa.1990), *rev'd,* 932 F.2d 170 (3d Cir.1991).

rejected most of the plaintiff's arguments, but agreed that we had failed to analyze properly the relative ease of access to sources of proof, the application of foreign law, and any obstacles to a fair trial in British Columbia. *Lacey v. Cessna Aircraft Co., et al.,* 932 F.2d 170 (3d Cir.1991) (*Lacey II* ).

The court in *Lacey II* was particularly concerned about a statement by Hanlon & Wilson's president that his company no longer possessed documentation concerning its exhaust business because it had sold its entire exhaust business to Wall Colmonoy Corp. (Wall), an Oklahoma corporation. *Lacey II,* 932 F.2d at 183. According to the court of appeals, if this was so, the defendants' promise to provide the plaintiff with all relevant witnesses and documents within their control would not ensure the plaintiff access to critical sources to prove his claim that the exhaust system was defectively designed.

The *Lacey II* court also expressed concern that due to the passage of time since the design of the exhaust system, and because of employee flux, many potentially relevant witnesses may no longer be employed by the defendants, and thus beyond their control for discovery purposes. *Id.* at 183. The court, unpersuaded by Cessna's assertions at oral argument that it possessed sufficient documentation and witnesses to satisfy the plaintiff's needs, noted that this is "something the district court should examine." *Id.* at 184. The court concluded that we improperly assumed that evidence essential to the plaintiff's products liability claim was still in the control of the defendants. *Id.*

The court instructed us to "identify generically what sources of proof are likely to be critical to Lacey's cause of action and then ascertain whether Lacey will enjoy access to those sources of proof at trial if his claim is litigated in British Columbia." *Id.* If the plaintiff will not have access to essential evidence at trial in British Columbia, we must deny the defendant's motions to dismiss. The court then evaluated our conclusion that British Columbia affords the plaintiff ample opportunity to obtain relevant information, and offered that this conclusion would be unfounded if we determined on remand that

sources of proof essential to the plaintiff's products liability claim were not within the control of the defendants. *Id.* at 185–86.

In summary, the court of appeals in *Lacey II* stated that on remand we must reasonably conclude that the plaintiff "would have access to *essential* sources of proof in British Columbia" in order to grant the defendants' motions to dismiss. *Id.* at 189. If we determine that essential evidence is in the possession of third parties in the United States, we must determine whether the plaintiff would have access to such evidence at trial in British Columbia. If we fairly conclude that the plaintiff will have access to evidence in British Columbia sufficient to support his products liability action, we may dismiss this case on *forum non conveniens* grounds. *Id.*

## II. DISCUSSION

### A. Activities by the Parties Since Lacey II

In response to the most recent remand from the court of appeals in *Lacey II*, we held a status conference on August 7, 1991, and ordered the parties to brief the *forum non conveniens* issue in light of the appellate ruling. On September 26, 1991, the plaintiff filed his "Request to Defendants to Make Known Sources of Information Pursuant to Remand from the Third Circuit" (Plf.'s Request), wherein he listed the sources of proof that he considered "critical" to his cause of action. Plf.'s Request at 5–6. The defendants responded by October 25, 1991, and on November 22, 1991, the plaintiff filed his "Reply to Defendants' Responses to Request to Make Known Critical Sources of Proof" (Plf.'s Reply). The plaintiff contends that the defendants have failed to establish that he would have access in a British Columbia forum to the following essential sources of proof:

(1) Former employees of the three defendants who have knowledge of the design and redesign of the exhaust system;

(2) Documents in the control of Wall, which purchased certain assets of Hanlon & Wilson, and obtained all the relevant files and records of that defendant;

(3) Employees and former employees of the Stainless Steel Products Company, as well as documents possessed by that company; and

(4) Employees and former employees of the Federal Aviation Administration (F.A.A.) and F.A.A. documents for use at trial.

Plaintiff's Reply at 4. The defendants filed surreply briefs to the plaintiff's reply, all of which dispute the plaintiff's assertion that the sources of proof identified in his Reply are critical to his products liability action.

On February 25, 1992, this Court held oral argument on the *forum non conveniens* issue. 785 F.Supp. 1201. The plaintiff argued that it was necessary for him to have access to witnesses and documents outside of the defendants' control, and that, contrary to the defendants' assertion, he could not fully litigate every aspect of his case through expert testimony and the defendants' documents alone. The plaintiff asserted that he may be entitled to punitive damages due to the defendants' alleged knowledge of recurring problems of the sort that allegedly caused this crash, and that such a claim would find more support from the testimony of witnesses than from documents.

The plaintiff stated that it is likely that several such witnesses are not in the control of the defendants. The defendants argued that within their control is more than enough evidence with which the plaintiff may attempt to prove his claims, and that any evidence outside their control is duplicative or is not critical to the plaintiff's claims.

### B. The Most Recent Motions to Dismiss under Forum Non Conveniens

After extensive discovery in the months subsequent to our status conference, defendants again move this Court to dismiss plaintiff's case under the doctrine of *forum non conveniens*. This time the defendants argue, in light of *Lacey II* and the subsequent discovery, that plaintiff would have access to essential sources of proof if the trial is conducted in British Columbia. According to the defendants, the plaintiff's access satisfies the mandate in *Lacey II,* and the suit should again be dismissed under *forum non conve-*

*niens.* As proof, defendant Cessna lists ten instances where the plaintiff either obtained the critical evidence he sought or chose not to pursue potential sources. Cessna's Brief in Support of Supplemental Motion to Dismiss at 14–15.

In response, plaintiff devotes the majority of his brief to *Lony v. E.I. DuPont de Nemours & Co.,* 935 F.2d 604 (3d Cir.1991) (*Lony II* ). In *Lony II,* the court of appeals was faced with a *forum non conveniens* dispute similar to the one *sub judice.* In that case, the court engaged in an extensive public- and private-interest factor analysis and found that it would likely affirm the district court's dismissal of the case "were it not for one overriding factor: the court's failure to consider the extent of merits activity already completed and underway." *Lony II,* 935 F.2d at 613. The court in *Lony II* distinguished that case from its decision in *Lacey II* by pointing out that in *Lacey II,* "no discovery at all had taken place even by the time of the second appeal." *Lony II,* 935 F.2d at 614 n. 2.

The rule announced in *Lony II* is "that whenever discovery in a case has proceeded substantially so that the parties already have invested much of the time and resources they will expend before trial, the presumption against dismissal on the grounds of *forum non conveniens* greatly increases." *Lony II,* 935 F.2d at 614 (footnote omitted). The court in *Lony II* found "substantial" merits discovery where the parties engaged in discovery for six of the scheduled thirteen months, listed more than 130 exhibits, exchanged documents comprising several thousand pages, exchanged interrogatories, and deposed at least five witnesses. *Lony II,* 935 F.2d at 613.

In addition, the court in *Lony II* found "highly significant" the district court's familiarity with the litigation. *Lony II,* 935 F.2d at 614. Oddly, the *Lony II* court noted that "[h]ad the district court proceeded with the litigation under the time schedule it had established ... the matter would be concluded by now." *Lony II,* 935 F.2d at 614. We do not interpret that language to mean that district courts in this circuit are precluded

from ever dismissing a case under the doctrine of *forum non conveniens*. And it is unclear from *Lony II* whether that suit would have been "concluded by now" in the foreign forum had the original motion to dismiss been upheld by the circuit court.

In any event, the plaintiff points out that merits discovery is not only further along here than in *Lony II*, but is in fact closed. We also note that all pretrial statements have been submitted in preparation for trial in our courtroom. Plaintiff presents an affidavit, moreover, from a Mr. Roger Daryl McConchie, a barrister and solicitor from British Columbia, *see* Plf.'s Brief in Opposition, Ex. A, wherein Mr. McConchie stated that much of the discovery conducted to date would be unusable in a British Columbia courtroom, and that "[i]n effect, the plaintiff will largely have to start over from the beginning." *Id.* ¶ 6. If this is correct, we assume that the defendants would likewise be forced to redo a substantial amount of their discovery.

Plaintiff also asks us to consider what he calls the "curiouser and curiouser" interest of the defendants to litigate this matter in a Canadian forum. Indeed, we find the desire of the defendants, United States corporations and citizens, to litigate in a Canadian forum curious, but no more so, perhaps, than the desire of the plaintiff, an Australian citizen, to sue in a United States forum some 3000 miles from the Canadian locus of the accident.

Rather than again grant defendants' Sisyphean motion to dismiss under the doctrine of *forum non conveniens*, we will deny the motion in light of the completion of discovery, filing of pretrial statements, and potential duplication of extensive discovery if the case were heard in British Columbia. We recognize that defendants might be chagrined by the apparent catch–22 borne of *Lony II*, for defendants were ordered to undertake substantial discovery to determine whether dismissal was appropriate, only to be told that that discovery renders dismissal inappropriate. Employing our "discretion" in deciding this *forum non conveniens* issue in view of *Lacey II* and *Lony II*, we can

reach no other result than to deny the motions to dismiss.