789 F.Supp. 296 (1992)
John Frederick DORMAN, Plaintiff,
v.
EMERSON ELECTRIC COMPANY, Defendant.
No. 91-1363C(6).
United States District Court, E.D. Missouri, E.D.
April 9, 1992.
Daniel J. McMichael, James J. Logan, McMichael & Logan, Chesterfield, Mo., for plaintiff.
Kenneth Heineman, John Kinsella, Coburn, Croft & Putzell, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on defendant Emerson Electric Company's (Emerson) motion to dismiss plaintiff's complaint on the ground of forum non conveniens. Plaintiff John Dorman (Dorman), a resident of British Columbia, brings this action to recover for personal injuries sustained while operating a saw designed and manufactured by Emerson. Emerson is a Missouri corporation which retains an agent for service of process in St. Louis. Plaintiff purchased the saw, a 10" Sears/Craftsman Professional miter saw, from a Sears retail outlet in Nanaimo, British Columbia. The incident in which he sustained personal injury occurred in British Columbia.
*297 In passing on a motion to dismiss for forum non conveniens, the Court must apply the following precepts. "[P]laintiff's choice of forum should rarely be disturbed. However, when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would `establish ... oppressiveness all out of proportion to plaintiff's convenience,' or when the `chosen forum [is] inappropriate because of considerations affecting the court's administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case." Piper Aircraft v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 258, 70 L.Ed.2d 419 (1981) (quoting Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524, 67 S.Ct. 828, 832, 91 L.Ed. 1067 (1947)). In exercising its discretion a court is to be guided by consideration of certain "private interest factors" and "public interest factors." The factors pertaining to private interest are "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises, if appropriate; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Piper, 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6. The factors relating to public interest include the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law governing the controversy; avoidance of unnecessary conflict of laws, problems or in the application of foreign law; and the inequity of burdening citizens in an unrelated forum with jury duty. Id. The defendant bears the burden of persuasion in demonstrating all elements necessary for the court to dismiss a claim on the basis of forum non conveniens. Reid-Walen v. Hansen, 933 F.2d 1390, 1393 (8th Cir.1991).

I. Private Interest Factors

A. Residence of the Parties and Deference to the Plaintiffs' Choice of Forum

In this case the plaintiff's home forum is British Columbia, but he has chosen to bring suit in Missouri, which is defendant's home forum. A foreign plaintiff's choice of forum in the United States is not presumptively convenient, but it is entitled to considerable deference. Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43 (3d Cir. 1988). Where, as here, the defendant resides in the forum chosen, allegations of inconvenience generally are discounted. See Reid-Walen v. Hansen, 933 F.2d at 1395. The overarching principle to be applied is that the plaintiff's choice of forum will rarely be disturbed unless the balance otherwise strongly favors the defendant.

B. Location of Key witnesses; Availability of Process

The record before the Court concerning the location of key witnesses is sparse. Plaintiff has offered an affidavit stating that he will agree to be available in St. Louis for deposition and for medical examination. Plaintiff also states in his memorandum that his doctors will appear voluntarily and will not need to be subpoenaed. Plaintiff represents and defendants do not disagree that there are no occurrence witnesses in British Columbia.
In this action plaintiff alleges design and labeling defects. Therefore witnesses will need to testify on these issues. Defendant apparently acknowledges that the saw was designed and design tested in St. Louis. Plaintiff therefore surmises and defendant does not refute the assertion that the primary witnesses concerning design will be found in this forum. Although the saw was manufactured in Taiwan, plaintiff does not assert defects in manufacture. Moreover, the presence of some witnesses in Taiwan certainly does not mandate trial of this matter in British Columbia. It is undisputed that the remainder of defendant's key witnesses are found in Missouri.
Having considered the foregoing factors, the Court agrees with plaintiff's contention that if the case is litigated in St. Louis it will require very little travel or investigation in British Columbia. However, if the *298 case is litigated in British Columbia, plaintiff will suffer considerable expense and trouble in securing the testimony of potentially numerous witnesses involved in the design of the saw. Accordingly, the Court concludes that the factor relating to the location of witnesses favors trial of this matter in Missouri.

C. Access to Evidence and View of the Premises

With respect to this factor, the Court notes that the evidence concerning design and design testing is available in St. Louis. In addition, plaintiff's attorneys assert that they have purchased in Missouri a saw which is similar, if not identical, to the saw which is the subject of this suit. Neither party contends that a view of the premises where the accident occurred will be necessary. The fact that the saw was manufactured and quality control tested in Taiwan does not affect the balance here because access to sources of proof in Taiwan will be equally inconvenient whether the case is tried in Missouri or British Columbia.

D. Ability to Implead other Potentially Liable Parties

Emerson asserts that it will be unable to implead other potentially liable parties if this matter is tried in Missouri. Although Emerson bears the burden of proof on this issue, it states only that Sears Canada, Inc., the retailer of the product, is a potentially liable party and fails to indicate why that entity could not be sued here. In addition, plaintiff offers the affidavit of David Brooks, a Canadian solicitor, indicating that plaintiff's claims against Sears Canada, Inc. are barred under Canadian law. In considering this factor, the Court is not required to give deference to "mere hypothetical discussion about the efficiency of third-party practice." Reid-Walen, 933 F.2d at 1398 (citations omitted). See also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 259, 102 S.Ct. 252, 259-60. Therefore, absent defendant's showing that impleader would in fact be more convenient in British Columbia, the Court concludes that this factor does not militate against trial of the matter in Missouri.

E. Plaintiff's Ability to Litigate in a Foreign Forum

Courts consider various components under this heading, all of which relate to the question of whether the chosen forum will make trial "easy, expeditious and inexpensive." In this case plaintiff has chosen to litigate in a foreign forum and has therefore assumed the financial burden and inconvenience attendant upon this choice. Where, as here, the alternative forum is in a foreign country, the Court properly considers the procedural and practical barriers erected by foreign law. Id. at 1399. Plaintiff has offered affidavits indicating that he would not be entitled to trial by jury under British Columbian law and that his recovery would be limited. Admittedly, these factors may be less weighty in this case than in the instance where the plaintiff is a United States citizen. Nevertheless, the Court may give some weight to plaintiff's showing of less favorable legal climate in the foreign forum. Id.
During the pendency of this motion, plaintiff filed suit against Emerson in British Columbia. Plaintiff offers an affidavit in which his Canadian solicitor avers that there is no savings statute under the law of British Columbia and that suit was filed to assure that plaintiff's claim would not be barred by the statute of limitations in the event that this Court dismissed the action. The Court rejects defendant's contention that the filing of the suit in British Columbia is presumptive proof that British Columbia is the more convenient forum for plaintiff. In addition, the Court concludes that plaintiff's ability to litigate this action will not be compromised if the case is tried in Missouri, the defendant's home forum.

II. Public Interest Factors

A. Interest of the Forum in the Dispute

Missouri has a significant interest in the litigation by virtue of the fact that defendant is a corporate citizen of Missouri. Reid-Walen, 933 F.2d at 1400. "The defendant's home forum always has a strong *299 interest in providing a forum for the redress of injuries caused by its citizens." Id. (citation omitted). British Columbia also has an interest in the suit by virtue of the fact that the plaintiff resides there, but a simple tort suit such as this one generally is not of broad public interest. Id. (citing Grimandi v. Beech Aircraft Corp., 512 F.Supp. 764, 780 (D.Kan.1981)). Therefore, the Court concludes that the citizens of Missouri have a greater interest in providing a forum for the redress of the injuries allegedly caused by one of their corporate citizens than do the citizens of British Columbia. This significant interest in the litigation justifies the imposition of the economic burden of trial and jury duty on the citizens of Missouri. Reid-Walen, 933 F.2d at 1400.

B. Application of Substantive Law

The Court declines to decide the choice of law issue on the basis of the record before it but notes that even if Canadian law ultimately is applied, the case may proceed in this forum. "[I]t is well settled that the fact that a federal court may have to apply foreign law is not dispositive on the forum non conveniens inquiry nor does it outweigh more significant private interest concerns." Reid-Walen, 933 F.2d at 1401. (citations omitted) The Court concludes that the private interest concerns favoring trial of this matter in Missouri are sufficiently weighty to outweigh any difficulty which may be imposed by the application of Canadian law in this case.
On the basis of the foregoing, the Court concludes that defendant has failed to demonstrate that a strong preponderance of the factors to be considered favor dismissal and that plaintiff's choice of forum should be disturbed. Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss on the basis of forum non conveniens shall be and it is denied.