**Stephen F. BRICE and Maryanne E. Brice, H & W, Plaintiffs,**

v.

**C.R. ENGLAND, INC., and Marvin K. Mosley, Defendants.**

No. CIV.A. 03–1819.

United States District Court, E.D. Pennsylvania.

Aug. 20, 2003.

William R. Solvible, Allen L. Rothenberg, Philadelphia, PA, for Plaintiffs.

Jon Michael Dumont, Nigel Greene, Rawle & Henderson, LLP, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is the Motion to Dismiss on the basis of *forum non conveniens,* or in the alternative, to stay proceedings in favor of the parallel action in Ohio State Court. For the reasons that follow, the Motion to Dismiss on the basis of *forum non conveniens* is hereby GRANTED.

## BACKGROUND

Plaintiffs, Stephen and Maryanne Brice, are both residents of Delaware County, Pennsylvania, which lies in this District. Defendant, C.R. England, Inc., ("CRE") is a Utah corporation with its principal place of business located in Salt Lake City, Utah. Defendant Marvin K. Mosley ("Mosley") is a citizen and resident of South Carolina. On March 26, 2002, Plaintiffs filed a Complaint against Defendants, CRE and Mosley, in the Portage County, Ohio Court of Common Pleas to recover damages allegedly arising from a motor vehicle accident that occurred in Palmyra, Ohio, on or about April 25, 2001. Plaintiffs allege that a tractor-trailer, owned by CRE and driven by Mosley, struck Plaintiffs' vehicle.

Officers of the Ohio State Highway Patrol responded to the accident in question, took statements from witnesses, and conducted an investigation of the scene. All of the investigating officers live and work in or near Portage County, Ohio.

On February 26, 2003, Plaintiffs filed a Complaint in the Philadelphia County Court of Common Pleas based on the same motor vehicle accident alleged in the Ohio Complaint. The Defendants, allegations, and relief sought in the Pennsylvania Complaint are identical to that sought in the Ohio complaint. The allegations of both Complaints sound in negligence, thus, Ohio tort liability laws will govern this case.

On March 26, 2003, Defendant filed a Notice of Removal to transfer the Pennsylvania Complaint to this Court, on the basis that diversity of citizenship establishes federal jurisdiction over the action. 28 U.S.C. § 1332(a)(1). Defendant CRE now moves to dismiss Plaintiffs' claim brought in this District on the basis of *forum non conveniens.*

## DISCUSSION

A. *Defendant's Motion to Dismiss*

 Defendant argues that Plaintiffs' Complaint should be dismissed on the basis of *forum non conveniens*. This Court has discretion to dismiss an action on the basis of *forum non conveniens* when the private and public interest factors weigh in favor of dismissal. *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 178 (3d. Cir.1991). Although there is a strong presumption in favor of the plaintiff's choice of forum, when the central facts of a lawsuit occur outside the forum state, plaintiff's choice of venue is accorded less deference. *Renzetti,Inc. v. Thompson*, 1997 WL 230806, *2, 1997 U.S. Dist. LEXIS 6121, at *9 (E.D.Pa.1997). In order to persuade this court to grant such a motion, Defendant bears the burden of proving two basic elements: (1) that an adequate alternative forum exists to all Defendants; and (2) that private and public interest factors weigh heavily in favor of dismissal. *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43–4 (3d. Cir.1988).

 As to the first element, the Court finds that Ohio is an adequate alternative forum because the accident occurred in Portage County, Ohio, and the Defendants are willing to submit to jurisdiction in Ohio. In addition, Plaintiffs are able to seek redress there. It is uncontested that the State of Ohio is an adequate forum for the action, therefore the Court finds that Defendants have met the burden of proving that the state of Ohio is an adequate alternative forum.

### (1) Private Interest Factors

 The U.S. Supreme Court has identified the relevant private interest factors which must be considered in *forum non conveniens* cases as: "(1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses;(3) possibility of view of premises, if view would be appropriate to the action; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *see also Lacey*, 932 F.2d at 180.

This case involves a negligence action based on the alleged conduct of drivers while at the scene of the accident in Portage County, Ohio. It appears to this Court that the central facts of the alleged negligence occurred in Ohio. View of the accident scene could be appropriate in a negligence action based upon the personal injuries suffered during the automobile accident.

Defendants point out that witnesses, evidence, and investigations related to the occurrence of the accident originate in Ohio and that liability expert witnesses will have to travel to Ohio in order to gather information for any accident reconstruction analysis. In addition, crucial witnesses such as the investigating patrolmen, reside near or in the state of Ohio. Should any of the witnesses prove unwilling to attend Court proceedings, Pennsylvania does not have subpoena power to compel their attendance. If the Pennsylvania action is permitted to proceed, the cost of travel associated with their participation may increase the likelihood that the witnesses will be unwilling to appear. The U.S. Supreme Court remarked, "to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to the court, jury or most litigants." *Gulf Oil*, 330 U.S. at 511, 67 S.Ct. 839. It appears to the Court that none of the witnesses reside in or near this District,

with the exception of the Plaintiffs themselves. Thus, the State of Ohio has greater access to sources of proof of negligence than Pennsylvania, and the power to compel the attendance of witnesses at trial.

In addition, allowing two identical actions to be litigated in two fora will increase practical problems. Two actions would result in increased costs for the parties, as they will be forced to litigate in both fora, in addition to the possibility of inconsistent rulings that may result from conducting trials in two jurisdictions. For the reasons stated, it appears to the Court that the private interest factors weigh in favor of dismissal on the basis of *forum non conveniens.*

### (2) Public Interest Factors

■ The Court finds no special public interest in having this case tried in Pennsylvania. The relevant public interest factors which should be considered include: (1) administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Gulf Oil,* 330 U.S. at 508–09, 67 S.Ct. 839.

As stated in *Gulf Oil,* "administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin." 330 U.S. at 509, 67 S.Ct. 839. The origin of this litigation is Portage County, Ohio. This court finds that the local community with the strongest interest in the resolution of this dispute is located in Portage County, Ohio. Ohio has an interest in ensuring that their tort liability laws are enforced because a state's tort liability laws determine the rights and obligations of its citizens, residents, and visitors.

In addition, "jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Id.* It will certainly be unfair to burden the citizens of this District with jury duty, when the accident occurred in Ohio and the negligence action requires that this Court apply Ohio Tort laws. There is no reason why this Court or jurors from this community should bear the burden of overseeing the resolution of this dispute which originated in Ohio. Dismissal of the Pennsylvania action will decrease administrative congestion in this District, allow the State of Ohio to ensure the enforcement of its own laws, and avoid imposing the burden of deciding a case that bears no relation to this District. Thus, this Court finds that the consideration of public interest factors also weighs in favor of dismissal of this action.

### CONCLUSION

In conclusion, this Court finds that Defendants have met the burden of proving that there is an adequate alternative forum, and that consideration of the Plaintiffs' choice of forum, and public and private interests weigh in favor of dismissal of Plaintiff's complaint on the basis of *forum non conveniens.* An appropriate Order follows.

### *ORDER*

AND NOW, this 20th day of August, 2003, upon consideration of Defendant's Motion to Dismiss Plaintiffs' Complaint on the basis of *forum non conveniens,* and Plaintiffs' response thereto, it is hereby

ORDERED that the Motion is GRANTED and this action is DISMISSED.