**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 11-3429

—————————

DR. JAYARAM CHIGURUPATI;
PADMASREE CHIGURUPATI;
ZENOTECH LLC, Appellants

v.

DAIICHI SANKYO COMPANY, LIMITED

—————————

On Appeal from the United States District Court
for the District of New Jersey
District Court  No. 2-10-cv-05495
District Judge: The Honorable Esther Salas

—————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 17, 2012

Before: SMITH, and FISHER, *Circuit Judges*
and STEARNS, *District Judge**

(Filed:  May 17, 2012)

—————————

OPINION

—————————

SMITH, *Circuit Judge.*

    Dr. Jayaram Chigurupati, Padmasree Chigurupati, and Zenotech LLC

_____

* The Honorable Richard G. Stearns, United States District Judge for the United States
District Court of Massachusetts, sitting by designation.

1

(collectively, the "Plaintiffs") appeal from an order entered by the United States District Court for the District of New Jersey dismissing their complaint on *forum non conveniens* grounds. For the reasons that follow, we will affirm.[1]

The Chigurupatis collectively own shares in Zenotech Laboratories Ltd. ("Zenotech"),[2] a company founded by Dr. Chigurupati in Hyderabad, India. Plaintiffs' complaint alleged that Daiichi Sankyo Company, Ltd. ("Daiichi") entered into an agreement with the Chigurupatis to purchase the Chigurupatis' shares in Zenotech for 160 rupees per share. This agreement was supposedly formed on December 20, 2008, as Daiichi was conducting a site visit of Zenotech's campus in Hyderabad. Plaintiffs allege that Daiichi reneged on this agreement, and on January 19, 2009, made an open offer to purchase any public shares of Zenotech for 113.62 rupees per share.

After Daiichi made its public offer, Dr. Chigurupati filed two lawsuits in India arising out of the alleged agreement. On July 8, 2010, the Supreme Court of India rejected the argument raised in Dr. Chigurupati's first complaint. The second suit remains pending before the Company Law Board in Chennai, India.

On October 22, 2010, months after the Supreme Court of India delivered its opinion on the first of Dr. Chigurupati's Indian lawsuits, Plaintiffs filed suit in the

---

[1] The District Court had diversity jurisdiction over this case under 28 U.S.C. § 1332. We have final order jurisdiction under 28 U.S.C. § 1291.

[2] Plaintiffs' complaint does not distinguish between Plaintiff Zenotech LLC, and Zenotech Laboratories Ltd., which was the subject of the alleged agreement. To avoid confusion, we refer only to Zenotech Laboratories Ltd. as "Zenotech."

District of New Jersey. On January 13, 2011, Daiichi moved to dismiss Plaintiffs' complaint for lack of personal jurisdiction, or alternatively, on *forum non conveniens* grounds.

The District Court granted Daiichi's motion to dismiss and dismissed Plaintiffs' complaint on *forum non conveniens* grounds, holding that India was an adequate alternative forum for Plaintiffs' suit, and that the balancing of public and private factors relevant to the decision weighed in favor of disturbing Plaintiffs' choice of forum despite the deference afforded to their choice. Because the District Court dismissed the case on *forum non conveniens* grounds, the court declined to address Daiichi's jurisdictional argument.[3] Plaintiffs timely appealed.

We review a district court's dismissal of a complaint on *forum non conveniens* grounds for an abuse of discretion. *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 189 (3d Cir. 2008). Though discretionary, a district court's resolution of a *forum non*

---

[3] Plaintiffs argue that it was improper for the District Court to reach the *forum non conveniens* issue before addressing Daiichi's jurisdictional argument. The Supreme Court, however, has plainly stated that a district court "may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness and judicial economy so warrant." *Sinochem Int'l Co., Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007).

Plaintiffs further argue that the District Court erred by failing to permit them to conduct jurisdictional discovery. Because the District Court could properly dismiss the complaint on *forum non conveniens* grounds without addressing Daiichi's personal jurisdiction argument, it also did not err by failing to permit jurisdictional discovery. Indeed, we have urged courts to decide motions to dismiss on *forum non conveniens* grounds in part "so that the parties will not waste resources on discovery[.]" *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 614 (3d Cir. 1991).

*conveniens* issue should be guided by a three-step analysis, considering: (1) the availability of an adequate alternative forum to hear the case; (2) the appropriate level of deference due to the plaintiff's choice of forum; and (3) the relevant private and public interest factors. *Id.* at 189-90. Plaintiffs argue that the district court abused its discretion in each step of its analysis. We disagree.

First, Plaintiffs argue that the District Court abused its discretion in concluding that India was an adequate alternative forum, because there was insufficient evidence in the record to establish that Daiichi was amenable to process in India. The District Court relied in part on the fact that Dr. Chigurupati had initiated two lawsuits in India, and thus concluded Daiichi was indeed amenable to process in that country. Plaintiffs note that both of those lawsuits involve slightly different allegations. While that may affect the persuasiveness of this record evidence, the District Court could reasonably infer from that evidence that Daiichi was amenable to process in India.[4] As such, the District Court did not abuse its discretion in concluding that India was an adequate alternative forum. *Cf. Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 45 (3d Cir. 1988) (holding that a district court abused its discretion in finding an adequate alternative forum where defendants failed "to provide *any* record support for their contentions" (emphasis added)).

---

[4] Plaintiffs also argue that the District Court reversed the appropriate burden of proof. It did no such thing. The Court correctly placed the burden of proof on Daiichi. *See* App'x A9 ("It is well established that the Defendant bears the burden of satisfying all elements in a *forum non conveniens* inquiry."). Daiichi presented ample evidence in order to satisfy this burden, and the court concluded that it had indeed satisfied the burden. While the court did occasionally comment that Plaintiffs had failed to satisfy "their burden" in various parts of the opinion, context makes clear that the court was simply stating that

4

Second, Plaintiffs argue that the District Court failed to afford their choice of forum the appropriate level of deference, because it "fail[ed] to provide the requisite reasoned indicia of deference accorded Plaintiffs' forum choice" as American citizens. Pls.' Br. at 20. The District Court, however, engaged in a thorough and reasoned analysis of the appropriate level of deference to be afforded to plaintiffs' choice of forum. *See* App'x A11-12. We find no abuse of discretion as to this second step of the court's analysis.

Third, Plaintiffs raise a number of arguments concerning precisely how the District Court analyzed and weighed the public and private factors relevant to its analysis. Plaintiffs focus on the District Court's analysis of three private factors—access to proof, the costs for witnesses to participate in a trial, and the availability of compulsory process—and one public factor, concerning New Jersey's interests in the matter. Plaintiffs argue that these factors weigh in favor of trying their case in New Jersey. The District Court disagreed, and based its decision on a careful analysis of the record. Absent clear error, *Windt*, 529 F.3d at 189, the District Court did not abuse its discretion in its analysis and weighing of the relevant private and public factors.

Finding no abuse of discretion, we will affirm the judgment of the District Court.[5]

---

Plaintiffs failed to rebut the volumes of evidence that Daiichi presented in support of its motion to dismiss.

[5] Plaintiffs also argue that the District Court abused its discretion because the record does not suggest that their choice of forum was intended to harass Daiichi, and that the "central concern of the *forum non conveniens* doctrine" is to prevent such harassment. Pls.' Br. at 29 (quoting *Lony*, 935 F.2d at 615). While such harassment may indeed be the "primary danger against which the doctrine guards[,]" *Lony*, 935 F.2d at 615, it is not the only such danger, and we decline to reverse on this ground.